TOBIAS NEW, Appellant, *v.* AUGUSTUS W. NICOLL, Trustee, etc.

Where a trustee is authorized by the terms of the instrument creating the trust to make an expenditure which is necessary for the protection or reparation of the trust estate, and has no trust funds in his hands for the purpose, he may, by express agreement with another, exempt himself from liability, and make the expenditure a charge upon the estate.

To create such a lien or charge, however, there must be some agreement to that effect; it is not sufficient that the one doing the work or making the expenditure did it upon the faith and credit of the estate.

Where there has been no such agreement, and in consequence the trustee is chargeable individually for the expenditure, the trustee cannot by a subsequent promise to pay out of the estate give a lien thereon; to transfer the charge from the trustee to the estate, there must either be an agreement based upon some new consideration, or an assignment of the lien or claim which the trustee has upon the estate for the expenditure.

(Argued February 22, 1878; decided March 19, 1878.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, reversing a judg-

ment in favor of plaintiff entered upon the report of a referee, and granting a new trial. (Reported below, 12 Hun, 431.)

This action was brought against defendant, as trustee, to charge the trust estate in his hands with the amount of a claim for work done and materials used in repairing buildings upon the real estate held in trust.

The facts appear sufficiently in the opinion.

*Nathaniel C. Moak*, for appellant.   It was the duty of the trustee to have the repairs made, and pay for them out of the income of the estate.   He could have pledged the income for that purpose.   (*Noyes* v. *Blakeman*, 6 N. Y., 567; *Stanton* v. *King*, 8 Hun, 5; *Chateau* v. *Suydam*, 21 N. Y., 179; *Anderson* v. *Dillaye*, 47 id., 678; 2 Perry on Trusts, §§ 477, 485, 526, 540, 552, 910; *Hide* v. *Haywood*, 2 Atk., 126; *Balch* v. *Halshaw*, 1 P. Wms., 455; *Caffrey* v. *Darby*, 6 Ves., 497; *Worrall v. Hartford*, 8 id., 8; *Dawson* v. *Clark*, 18 id., 254; *Wilkinson* v. *Wilkinson*, 2 Sim. & Stu., 237; 3 Sand., 531, 542, 544; *Randall* v. *Dusenbury*, 7 J. & S., 174; 63 N. Y., 645; *Mallory* v. *Clarke*, 9 Abb., 358; *Wetmore* v. *Hobsman*, 14 id., 318–319; *Magraw* v. *Pennock*, 2 Grant's Cas. [Pa.], 89, 93–95; *Davis* v. *Stover*, 58 N. Y., 473; *R. and S. R. R. Co.* v. *Miller*, 47 Vt., 146; *Bradbury* v. *Birchmore*, 117 Mass., 569, 580–582; Lewin on Trusts [2d Am. ed.], 431–432, m. p. 513; id. [6th Eng. ed.], 487; *Dickerson's Appeal*, 7 Penn. St., 258; *Rider* v. *Session*, 7 R. I., 341; *Williams* v. *Smith*, 10 id., 283; *Long* v. *Norcom*, 2 Ired. Eq., 354; *Bridge* v. *Brown*, 2 Y. & C., 181; *Barlow* v. *Grant*, 1 Vern., 255; *In re Bostwick*, 4 J. Ch., 100; *Kearney* v. *Kearney*, 17 N. J. Eq., 59; *Button* v. *Weems*, 12 G. & J. [Md.], 84; *Hester* v. *Wilkinson*, 6 Humph. [Tenn.], 215; *Robinson* v. *Hersey*, 60 Me., 225; *Ferry* v. *Liable*, 27 N. J. Eq., 147; *Ex parte Richardson*, 3 Mad., 138; *Thompson* v. *Andrews*, 1 M. & K., 116; *Cutbush* v. *Cutbush*, 1 Beav., 185; *McMillie* v. *Acton*, 4 DeG. Mac. & G., 744; *DeValengin* v. *Duffy*, 14 Pet., 290.)   Defendant having promised to pay, according to the contract made with

plaintiff by Osborn, as his agent, was bound by it. (*Com. Bank* v. *Warren*, 15 N. Y., 577, 580–581; *Johnson* v. *Jones*, 4 Barb., 369, 372; *Peterson* v. *Mayor, etc.*, 17 N. Y., 449, 453.) This ratification related back to the time of the original obligation. (*Lawrence* v. *Taylor*, 5 Hill, 107; *Moss* v. *Rossie*, 5 id., 137; *Keeler* v. *Salisbury*, 33 N. Y., 648, 652; *Johnson* v. *Jones*, 4 Barb., 369, 374; *Brigham* v. *Peters*, 1 Gray, 139, 147; *Cairns* v. *Bleeker*, 12 J. R., 300; *Greenfield Bank* v. *Crafts*, 4 Al., 447, 454.)

*E. More*, for respondent. Even if the trustee had employed plaintiff, he would not be liable under the facts proved. (*Noyes* v. *Blakeman*, 3 Sand., 531, 543; 2 Seld., 567; *Austin* v. *Munro*, 47 N. Y., 366; *Ferrin* v. *Myrick*, 41 id., 315; *Staunton* v. *King*, 8 Hun, 4; Lewis on Trustees, 530; *Cruger* v. *Jones*, 18 Barb., 467; 8 Ves., 4; 1 Hare, 571; 12 Cl. & F., 507; 5 DeG. M. & G., 108.) Plaintiff could not recover against Mrs. Reynolds personally, or against Nicoll, as her executor. (*Campbell* v. *Foster*, 35 N. Y., 361; *Williams* v. *M. and T. F. Ins. Co.*, 54 id., 577; *Codd* v. *Rathbone*, 19 id., 37; *Arnold* v. *Angell*, 62 id., 508; *Coleman* v. *Second Ave. R. R. Co.*, 38 id., 204; *Bradley* v. *Aldrich*, 40 id., 504; *Stevenson* v. *Burdon*, 15 Abb., 352; *Mann* v. *Fairchild*, 2 Keyes, 106; *Rome, etc., Bank* v. *Eames*, 1 id., 588; *Heywood* v. *City of Buffalo*, 14 N. Y., 540.)

EARL, J. In 1866 certain real estate in the city of New York was conveyed to the defendant Nicoll upon trust to receive the rents, issues and profits thereof, and after paying therefrom all taxes, assessments and other charges thereon, to apply the rest and residue to the sole and separate use of Sophia V. I. Reynolds, during her natural life, and after her decease upon trust to convey the real estate as she by her last will and testament should direct, and in default of such direction to divide the same among his children. Nicoll took possession of the real estate and assumed the duties of the trust.

Upon the real estate were certain buildings which were rented to various tenants, and in 1873 those buildings were much out of repair, and certain repairs .were necessary for the protection and preservation of the buildings, and to render them tenantable and fit for occupation. In the months of March and April of that year the plaintiff did a large amount of repairs upon those buildings, and this action was brought to recover against Nicoll as trustee, for such repairs. The plaintiff and defendant were the only material witnesses. There was no dispute that the plaintiff did the repairs to the amount claimed by him, but there was dispute as to the arrangement and employment under which the work was done.

The defendant testified that he did not employ plaintiff to do the work, and never promised to pay him; but that he employed one Osborn, who was to furnish all the labor and material for the repairs, and that he was to deal only with and pay him, and that he had mostly paid him. The plaintiff's evidence tended to show that he was employed by Osborn as agent of defendant, and that after the work was done the defendant promised to pay him for the work out of the trust estate. There was no claim by plaintiff that his contract for the work was made directly with the defendant, or that he had any interview whatever with the defendant until after the work was done. Whatever arrangement he made in reference to the work was made exclusively with Osborn who had died before this action was commenced. Plaintiff testified that he asked Osborn how he was to get his pay, and that Osborn said : " The estate is all right ; do the work ; make out your bill to the estate ; I will certify it, and Mr. Nicoll will pay it," and that then he went on and did the work. At the time these repairs were made, the defendant had no trust funds in his hands out of which to pay for them.

The general rule undoubtedly is that a trustee cannot charge the trust estate by his executory contracts unless authorized to do so by the terms of the instrument creat-

ing the trust. Upon such contracts he is personally liable, and the remedy is against him personally. But there are exceptions to this general rule. When a trustee is authorized to make an expenditure and he has no trust funds, and the expenditure is necessary for the protection, reparation or safety of the trust estate, and he is not willing to make himself personally liable, he may by express agreement make the expenditure a charge upon the trust estate. In such a case he could himself advance the money to make the expenditure, and he would have a lien upon the trust estate, and he can by express contract transfer this lien to any other party who may upon the faith of the trust estate make the expenditure. (*Noyes* v. *Blakeman,* 3 Sand. Sup. Ct., R., 531; S. C., 6 N. Y., 567; *Randall* v. *Dusenbury,* 39 N. Y. Superior Ct. R. [7 J. & S.], 174; S. C., 63 N. Y., 645; *Stanton* v. *King,* 8 Hun, 4.)

Here, if Osborn had any agency whatever for defendant, it was simply to employ some one to make the repairs. If he was authorized to make any contract about them, it was simply the ordinary contract in such cases which would bind the trustee personally, and not the trust estate. There can be no pretence that he was authorized to exempt the trustee from personal liability, and to make an express agreement charging the expense of the repairs upon the trust estate. It was not sufficient for him to show that he did the work upon the faith or credit of the trust estate. He could get a lien or charge upon the trust estate only by virtue of some agreement to that effect. Therefore, upon the facts of this case, viewed as favorably to the plaintiff as we are justified in viewing them, he cannot maintain this action.

The order of the General Term should be affirmed, and judgment absolute for defendant ordered, with costs.

All concur, except MILLER, J., dissenting and CHURCH, Ch. J., not voting.

Upon a subsequent motion for reargument the following opinion was handed down:

EARL, J.   This motion for reargument is based upon the erroneous supposition that the points now made were overlooked.   They were carefully considered ; but as they were not specifically noticed in the opinion, I will now give them brief consideration.   As the judgment of the Special Term was reversed by the General Term upon both the law and the facts, the facts were before us for consideration just as they were before the General Term.

The claim is made that after the work was all done by the plaintiff, the defendant ratified the agreement made by Osborn that the estate would pay plaintiff.   Whether there was such ratification or not depends solely upon the evidence of the plaintiff and defendant.   The plaintiff had the burden to show it, and his evidence tends somewhat to show (but not with entire certainty,) that there was such ratification. But the defendant positively denied this, and the circumstances tend to sustain him.   Hence we should be reluctant to hold that there was sufficient evidence of the ratification. But if we give full force to all plaintiff testified to, the facts are not sufficient to show that a charge upon the estate was created.   As shown in the former opinion, there was no agreement sufficient to charge the estate before the work was done.   There was at most a personal charge against the defendant.   Then, in order to transfer this charge from him to the estate, and to give plaintiff a cause of action, which he did not before have, what was necessary ?   It could only be done in one of two ways.   First. By an agreement based upon some new consideration ;  or second. By an assignment of the lien or claim which the defendant had upon the estate for these expenses.   There is no pretence that there was any such new agreement, and the evidence does not show that the defendant meant to assign, or that the plaintiff expected he would assign, any lien or claim he had upon the estate. In such a case, where a party has done work upon the personal responsibility of the trustee, he can get no lien upon the trust estate by the mere promise of the trustee to pay him out of the estate.   There is no emergency which then

.authorizes the trustee to create a lien upon the trust estate, :and all he could do would be to transfer his. That was not done in this case.

The motion must be denied.

All concur.

Motion denied.