PHILIP V. R. STANTON, Appellant, *v.* ELIZABETH R. B. KING, Impleaded, etc., Respondent.

Where there has been a series of orders connected with the same matter, so that if one is erroneous all are, upon appeal from one the General Term is authorized to reverse the whole, so as to leave the records of the court clear and consistent.

The provision of the New Code (§ 1317), in reference to, and so far as it affects, this point, does not differ from the Old (§ 330).

The General Term, however, in such case, can only grant costs of one motion, and on appeal from one order.

A final judgment for one of several defendants, upon demurrer to the complaint, is, so far as the causes assigned for demurrer are sustained-

by the judgment, as complete an adjudication in his favor as would be a judgment of nonsuit on trial; and plaintiff cannot nullify its effect by obtaining an *ex parte* order discontinuing the action as to such defendant. In an action to charge a trust estate, in the hands of trustees, with a claim for services rendered by plaintiff to the trustees, a *cestui que trust* was made a party defendant and final judgment was perfected in her favor upon demurrer to the complaint. Plaintiff thereupon ·btained an *ex parte* order, striking out said defendant as a party. *Held*, that the effect of the judgment upon the demurrer, was that said defendant's share or interest in the trust estate, in the hands of the trustee, could not be bound for, or affected by, plaintiff's claim, but to enable her to avail herself of the benefits of the adjudication, she must remain a party; that the order striking her from the case in effect nullified the judgment, and so was error.

(Argued December 16, 1878; decided January 21, 1879.)

ABOUT the 29th January, 1870, the plaintiff brought his action against defendants Leveridge and Harmanus B. Duryea, describing them to be executors and trustees of the will of one Bowne, to recover the sum of $15,000 for services rendered to them by the plaintiff, as an attorney and counselor at law. The frame of the summons and complaint made the action one against Leveridge and Duryea personally, and the judgment asked for was one against them in person. About December 23d, 1875, the plaintiff amended the summons and complaint, bringing in Elizabeth R. B. King and Samuel B. Duryea as defendants, and making new allegations in the complaint. The parties, Leveridge and H. B. Duryea, described to be executors and trustees, were retained as defendants; while it was averred that they were not liable to the plaintiff, as individuals, but that the services rendered by him to them were agreed by them and him to be paid out of the estate in their hands; and it was sought to charge the judgment the plaintiff might obtain upon the trust fund in their hands, which would be, in effect, to charge it upon property in which King and S. B. Duryea had an interest. King demurred to the complaint. The demurrer was overruled by the Special Term. It was sustained by the General Term, on appeal, with leave to plaintiff to amend. This privilege he waived, and took appeal to this court, where the judgment of the General Term was affirmed. The remittitur

of this court was filed in the court below, but its judgment was never made the judgment of the court below.   On April 21, 1877, the plaintiff made a motion *ex parte*, without notice to King to strike her out as a party defendant.   On May 5, 1877, the plaintiff made an amended complaint, dropping King as a defendant, and making Leveridge and H. B. Duryea defendants, as executors and trustees, in which, still averring that his bargain with them for his services was, that he should have no claim against them, but that he should be paid out of a trust fund in their hands, in which King was to a considerable extent interested, he asked for an injunction upon the trustees from parting with the fund, and that any judgment that he may recover may be paid out of it.   On this complaint and some other papers, he procured a temporary injunction restraining the trustees from parting with the fund, and an order to show cause why the injunction should not be continued, and gave notice of motion that the summons be amended, so that the action should be against them in their representative capacity, instead of as individuals. On May 15, 1877, the defendant King got an order to show cause why the *ex parte* order of the plaintiff, granted April 21, 1877, should not be set aside ; why the amended complaint of May 5, 1877, should not be set aside ; why the temporary injunction of that day should not be vacated, the amended complaint dismissed, and the plaintiff stayed from carrying on his suit to charge the defendant King, or her interest in the trust fund.   On June 16, 1877, on the return of the plaintiff's order to show cause, made May fifth previous, the Special Term, by order, continued the temporary injunction against the trustees, and denied the motion of King, on her order to show cause, obtained May fifteenth. On June 30, 1877, King appealed from these orders of the Special Term to the General Term.   On November 30, 1877, the General Term granted an order which, first, reversed the *ex parte* order of the Special Term striking out the name of King as a defendant in the action ; second, dismissed the amended complaint of May 5, 1877; third, set aside the injunction upon the trustees of June 16, 1877;

fourth, restrained the plaintiff from proceeding in any suit against King, or to charge her property; and fifth, gave costs to King against the plaintiff, in several items, amounting in the whole to eighty-nine dollars. It is from this order that the plaintiff appeals to this court. The plaintiff insisted that, as the appeal was from but one order, that of June 16, 1877, the General Term had no power to touch any other order, not specified in the notice of appeal. *Held*, as above the court citing *Cochran's Ex'r* v. *Ingersoll* (66 N. Y., 652); also that, as the order appealed from was granted on the return of the defendant's order to show cause why the *ex parte* order of the plaintiff, striking out King as a defendant, should not be set aside, why the plaintiff's amended complaint should not be set aside, why the plaintiff's temporary injunction of that day should not be vacated, the amended complaint dismissed, and the plaintiff stayed from carrying on his suit to charge King or her interest in the trust fund, the single order appealed from did, in its denial of the defendant's motion, include a denial of all that she asked for; and there came before the General Term, for its consideration and adjudication, all that was included in the order to show cause; and so the General Term had power to pass upon all.

Also *held*, first, that it was erroneous for the Special Term to strike from the case the defendant King, especially without notice to her. The court stating the principle thus: " It is not needed that we go into the merits of the question raised by her demurrer. She had been made a party by the plaintiff. She had succeeded in obtaining judgment against him, which was final and irreversible. The effect of that judgment was, that the trust estate in the hands of the original defendants, in their official capacity, could not be bound by any executory contract which they had made with the plaintiff. It was tantamount to an adjudication in her favor against the plaintiff that he could not enforce his agreement with them against her, or against the portion of the trust fund owned by her, or in which she had a beneficial interest. It stood as *res adjudicata* in her favor and against the plain-

tiff, so that he could never move again, in this action, towards a judgment which would be contrary to or at variance with that. But to be able to avail herself of this benefit and this right, she must remain a party to the record, still a defendant thereon, in whose favor the court had finally adjudged. When she was by the order stricken from the case, it was the same as if she had never been in it, had never had her day and her success in court. It, in effect, nullified her judgment. The learned counsel for the plaintiff looks upon the judgments of the courts upon her demurrer as a discontinuance of the action against her, and sees it as a natural sequence, that the order should be granted striking her from the action as a defendant therein. Such is not the meaning and effect of a final judgment for a defendant, on demurrer to complaint. It is, so far as the causes assigned for demurrer are sustained by the judgment, as much a complete adjudication in - favor of the defendant, as would be a judgment on nonsuit at the trial. The defendant has the legal right to the benefit of that judgment ; and to have and enjoy that benefit, must needs remain on the record as a party defendant in the action. So that, as matter of power, the General Term had the right to reverse the order of the Special Term, granted on the 21st April, 1877, striking out the defendant King from the action. And inasmuch as she was a party to the action, who had appeared in it, it was irregular to ask and obtain that order, without notice to her ; and in the rightful control of the practice in the court, it was in the discretion of the General Term to reverse the order."

But *held*, that as the language of the order is such as to be easily interpreted as going the length of vacating and setting aside the order *in toto*, and as the defendant S. B. Duryea, consented, by his attorney, to the entry of the order of April 21, 1877, and did not appear at the General Term to complain of it. As to him, it must stand ; and the order of the General Term should be modified, in that respect.

Second. That as the language of the order of the General Term, as to the amended complaint of May 5, 1877, is that

it "*be dismissed;*" and as a dismissal of the complaint *is,* in effect, a judgment of nonsuit, it was directed that the order be amended by striking out the word "dismissed," and inserting in lieu thereof "stricken out."

Third. That it was entirely in the power and discretion of the General Term to refuse to the plaintiff an injunction upon the trustees. With the exercise of that discretion, this court has not the jurisdiction to interfere, and as to that part of the order, the appeal did not lie.

Fourth. That the part of the order which restrains the plaintiff from proceeding in this action to enter or to attempt to enter a judgment against King or to charge her property, was correct; that if the plaintiff should now proceed to such a judgment, he would, in effect, nullify the judgment on demurrer. But it was not right to prevent plaintiff from proceeding against defendants who are not actors in the proceedings under review, and as S. B. Duryea has, by his own consent, been stricken from the action, he may not now appear at General Term, or in this court, to complain of the plaintiff's proceedings; also as the defendants Leveridge and H. B. Duryea did not appear as appellants to the General Term, or to this court, the General Term had no power, under the circumstances of the case, to stay the proceedings of the plaintiff against them, save to provide that his action shall not be operative against King or her beneficial interest in the trust fund.

Fifth. That the costs which could be allowed to King by the General Term, were the costs allowable on a motion, or on an appeal from an order granted on a motion. It had not power to grant her the costs of opposing the motion made by plaintiff at Special Term, on June 16, 1877, for the reason that she did not appear in opposition to it. It had the power to grant her the costs of her own motion, made at the same time and place, and denied. It had the power to grant her costs, on each appeal from an order. As a reference to the appeal book shows that the notice of appeal by defendant King is from one order only, designated as that of June 16, 1877; and though there were two orders of that date,

if it was uncertain which the defendant meant to point out by the notice, yet it was plain that the appeal taken was but from one, hence, that the costs of but one appeal could be allowed by the General Term; that therefore there must be deducted from the allowance of costs twenty dollars; and finally, as a result from this consideration, that the order, as a whole, was appealable to this court, as it was, in some respects, erroneous, and beyond the power of the court at General Term.

*Philip S. Crook* for appellant.

*James C. Hays* for respondent.

FOLGER, J., reads for modification by inserting before the words "*striking out*," the words "*so far as*," and by striking out the word "*dismissed*," and inserting in lieu thereof this phrase, viz.: "*stricken out ;*" and by striking out the words "*and from entering*" and inserting in lieu thereof, the words "*so as to enter ;*" and by reducing the amount of costs allowed to twenty dollars, for making motion in Special Term, and for one appeal to General Term. And as modified, order affirmed, without costs to either party against the other in this court.

All concur, except RAPALLO, who is for reversal of order so far as it stays proceedings in this action, and ANDREWS, J., absent at argument.

Ordered accordingly.