LEDETT A. BOSTWICK, RESPONDENT, *v.* EMILY P. BEACH, EXECUTRIX, ETC., OF NELSON J. BEACH, DECEASED, APPELLANT, IMPLEADED WITH OTHERS.

*Power of sale — right of executors to exercise it — they can only sell the testator's interest — covenants to pay off incumbrances bind them personally, but do not bind the estate.*

The defendants' testator, by his will, gave the residue of his property, remaining after the payment of certain bequests, to his wife and children. The will did not deprive the widow of her right to dower in his estate. He appointed his wife executrix, and three other persons executors, and authorized them " to rent, sell or convey my real estate or personal property in accordance with the above provisions :"

*Held,* that although the executors might enter into an executory contract for the sale of such interest in the real estate, as the testator had at the time of his death, they could not agree to buy off the widow's dower right, or pay off incumbrances existing upon the estate at the time of the testator's death which he was not personally liable to pay.

Covenants or agreements so to do, introduced into the contract of sale, would bind the executors personally, but not the estate, nor would they authorize the court, in an action for specific performance, to direct that the value of the widow's dower right, and the amount due upon an incumbrance should be deducted from the purchase-price.

APPEAL from a judgment, entered upon the trial of this action at a Special Term held in Lewis county.

Nelson J. Beach, the testetor, died in February, 1876, the owner of both real and personal property. The defendants, Emily P. Beach, Alonzo H. Green and Horace L. Green, were appointed executrix and executors of his last will and testament, and the same was duly admitted to probate. The will after making bequests to his wife and some of his children, provided for a division of his estate to and among his children. The paragraph giving the executrix and executors power of sale of the real estate is as follows, viz.: " I hereby appoint my wife Emily P. Beach, executrix, and Alonzo H. Green and Horace L. Green, my sons-in-law, and Leonard C. Davenport, of Lowville, my executors for the settlement of my estate, hereby authorizing them to rent, sell or convey my real estate or personal property in accordance with the above provisions." Davenport did not qualify.

In December, 1881, the executors entered into an executory agreement with the plaintiff, in writing not under seal, to sell the homestead farm, of which the following is a copy:

"Received, Watson, N. Y., December 27, 1881, from L. A. Bostwick, five hundred dollars to apply on the purchase of the property known as the Nelson J. Beach farm, situated at Beaches' Brook in said town, this day bargained to be sold to said Bostwick, for eleven thousand dollars, and we hereby agree to execute a deed of said property to said Bostwick on the 1st of March, 1882, on the payment of the balance, ten thousand five hundred dollars. It is understood that the five hundred dollars this day received is to be deemed a forfeiture in case of non-compliance, and the undersigned agree to forfeit an equal amount in case of non-compliance on their part. Said farm is supposed to contain two hundred and seventy-five acres. It being a condition of the sale that Mrs. Emily P. Beach and daughter shall have a good and sufficient room in the residence on the farm for their use until May 1, 1882, if desired.

"ALONZO H. GREEN, .
"HORACE L. GREEN,
"EMILY P. BEACH.
"Executors."

At the time of such sale there was an incumbrance on the farm by mortgage for about $900, and Mrs. Beach resided on the premises, occupying a part of the house, and having an unassigned dower right in all the premises. The $500 mentioned in the contract was actually paid. The executors declared to the plaintiff a willingness on their part to execute and deliver a deed in pursuance of the terms of the contract, deducting from the purchase-price the amount of the incumbrance, or to use the purchase-money in extinguishment of the lien, and if the widow declined to join in the deed releasing her right of dower, that a just sum might also be abated from the purchase-money. Mrs. Beach, the executrix, declined to carry out the agreement in any form; thereupon the plaintiff demanded a deed from the vendors, and, as the court found, deposited the balance of the purchase-money in the First National Bank of Lowville, as a special deposit, subject to the order of the defendants, to be delivered to them on the execution and delivery of the

deed, and that such sum remained on deposit at the time of the trial. It does not appear from the case that the testator was under any personal liability to pay the debt secured by the mortgage.

The court found as questions of law, that the executory agreement was good and sufficient to bind the defendants, and under it it was their duty, on the payment or tender of payment by the plaintiff of the balance of the purchase-money, to execute and deliver to him the deed mentioned in the contract; that the plaintiff was entitled to a deed of the premises free from incumbrance, and it was the duty of the defendants for that purpose to have paid and procured to be satisfied the mortgage and to procure a release from the defendant, Emily P. Beach, of her right of dower. That the plaintiff was entitled to the judgment of the court decreeing the specific performance of said agreement by the defendants, and awarding him the damages sustained by reason of the delay and refusal of the defendants to perform the same, and directed a judgment that the defendants execute a deed conveying to the plaintiff a good and unincumbered title to the premises, and in case the mortgage was not paid that there be deducted from the unpaid purchase-money the amount of the same, and if the widow did not release her right of dower, then that the value thereof be computed in the manner provided by the rules and practice of the court, and that such amount be also deducted from the unpaid balance of the purchase-money, and that the plaintiff recover $500 against the defendants as executrix and executors, as damages for the non-performance of the agreement.

The plaintiff was not charged with interest upon the unpaid purchase-money, nor does it appear that the deposit with the bank was on interest.

The executrix alone appeals from this judgment.

*C. D. Adams*, for the appellant.

*A. H. Sawyer*, for the respondent.

BARKER, J.:

By the pleadings and on the trial, all the parties admitted that the defendant, Mrs. Beach, had a right of dower in the premises, which she did not by the contract of sale release or agree to convey.

This concession was recognized by the trial court and the judgment is based upon the facts thus admitted.

On this appeal we are confined to this view of the case. The contract sought to be enforced was executed by the executrix and executor in their representative capacity and not personally. This is manifest on the face of the contract, and if there is room for doubt as to the capacity in which they acted, it was cleared away and made certain by the parol evidence bearing on the point. (*Chouteau* v. *Suydam*, 21 N. Y., 179; *Briggs* v. *Partridge*, 64 N. Y., 357.)

It is unnecessary to give this proposition more attention as it is the position contended for by the respondent and adopted by the trial court. It is important to observe that the contract does not speak as to the terms or form of the conveyance to be executed by the vendors, and it is also silent as to the nature and extent of the estate in the property intended to be sold and conveyed by them. Neither is there any clause exempting the executors from personal liability to the vendee, in case of a non-performance on their part of any of the express or implied terms of the agreement. The agreement entitled the vendee to a perfect and unincumbered title. In executory contracts like this, there is an implied warranty on the part of the vendors that they have and will convey a good title, free and clear of all incumbrances. (*Burwell* v. *Jackson*, 5 Seld., 535; Rawle on Covenants of Title, 430; Sugden on Vendors, vol. 1, chap. 7, § 1.)

The decree is based upon the correctness of this proposition. The value of the widow's right of dower and the amount of the incumbrance by mortgage are directed to be abated from the unpaid portion of the purchase-money, as the means of indemnifying the vendee for the non-performance of the implied terms of the contract, to convey a good and unincumbered title.

It is claimed by the appellant that the executors, as donees of the power to sell, were without authority to make an executory contract of sale containing covenants to pay off the incumbrances, and to convey a perfect title to the vendee and make the same binding on the estate which they represent. Such is my opinion. They were authorized to sell and convey such estate as the testator had in the premises at his death and nothing more. The widow's dower right

they could not sell, nor were they authorized by the terms of their appointment to use any of the funds coming to their hands, in their representative capacity, to extinguish that estate or to pay off the incumbrances on the premises. Their power was limited to sell and convey the testator's interest in the lands. They promised and agreed to do more; and such promise being in excess of the authority vested in them, it is void so far as the estate which they represent is concerned. As between themselves and the vendee, they were personally bound by the terms of the agreement to the extent they are in excess of their authority.

By the terms of the decree, the agreement and all of the implied covenants were held to be good as against the estate, and damages have been awarded accordingly. A trustee may bind a trust estate by an executory agreement so long as he keeps within the limits of his power, but the moment he steps outside of the same his promises are void and cannot be enforced against the estate. If this were not so it would be futile to attempt to set bounds to his power, and his own discretion would become the measure of his authority.

In *New* v. *Nicoll* (73 N. Y., 127) it is held that, as a general rule, a trustee cannot charge the trust estate by his executory contract, unless authorized to do so by the terms of the instrument creating the trust; that upon such contracts the remedy is against the trustee personally, and they cannot be enforced against the trust estate. In that case Nicoll, the trustee, was empowered to receive the rents, issues and profits of certain real estate, and, after paying taxes, to pay over the same to the use of another during life. The trustee, as such, employed the plaintiff to make certain repairs on the premises; and in an action for such work and labor a recovery was had against the defendant as trustee, with directions to pay the judgment out of the rents and profits. The judgment was reversed in the Supreme Court, and such reversal was sustained in the Court of Appeals.

The same principle has been frequently applied to executors and administrators, and is now deemed *res adjudicata.* (*Austin* v. *Munro*, 47 N. Y., 360; *Ferrin* v. *Myrick*, 41 id., 315; *Stanton* v. *King*, 8 Hun, 4.)

As a general rule, the purchaser may maintain an action against the vendor where he is incapable of making a complete title to all

the property sold, and compel a performance *pro tanto*, and have an abatement made out of the purchase-money, or compensation awarded for any deficiency in title as to quantity or quality of the property sold. (1 Story's Equity, § 789; 1 Sugden on Vendors, m. p. 491; *People* v. *Stephens*, 71 N. Y., 555; *Woodbury* v. *Luddy*, 14 Allen, 1; *Davis* v. *Parker*, Id., 94.) In whatever form compensation for defect of title may be made or secured to the purchaser, the same is in the nature of damages for a breach of some one of the terms, either express or implied, of the contract of sale. In the case now here the vendee has been awarded compensation for a defect in the title. In a legal sense the sum so allowed is no less damages for a breach of a term of the contract, because it is to be abated from the unpaid balance of the purchase-money. If the vendee had in fact paid over all the purchase-money before the action was commenced, he would, nevertheless, by the rule of law adopted by the trial court, have been entitled to damages to be paid by the vendors. It may be that the executors will realize as much for the benefit of the estate by completing the sale on the terms and in the manner provided by the decree, as they would have if the premises had been sold subject to the widow's dower, but that does not cure the error of the trial court in holding that the contract was binding on the estate.

There are instances where lands are so situated, and the character and value of the same are such, that more can be realized on a sale of the same subject to a dower right than by a sale of the same free therefrom and deducting the value thereof from the purchase money, and the same may be said in regard of incumbrances by way of mortgage, if they have a long time to run at a satisfactory rate of interest.

Judgment reversed, new trial ordered, with costs to abide the event.

SMITH, P. J., concurred; HARDIN not voting.

Judgment and order reversed, and new trial ordered, costs to abide event.