JAMES R. FOLAND, Respondent, v. MORGAN A. DAYTON, Appellant.

*Action for services rendered to an administrator — when he is personally liable therefor.*

In this action, brought to recover the value of services alleged to have been rendered by the plaintiff for the defendant, who was the administrator of the estate of his deceased son, the defendant claimed that if he was liable at all it was only as administrator. The court directed the jury that if it was the intention of the plaintiff to look to the defendant, as the administrator, for his compensation, then he could not recover against him individually.

*Held,* error; that a mere intention on the part of the plaintiff to look to the administrator for his compensation would not prevent him from recovering a verdict against the defendant personally, if the services were rendered for him without any agreement on the part of the plaintiff to look to or confine his claim for compensation to the estate itself, or the defendant in his official capacity.

Appeal by the defendant from an order setting aside a verdict which had been rendered in his favor and directing a new trial.

*Ira Shafer,* for the appellant.

*Henry C. Andrews,* for the respondent.

Daniels, J.:

The action was to recover the value of services stated to have been rendered by the plaintiff for the defendant, who was the administrator of the estate of his deceased son. The right of the plaintiff to recover was in part resisted upon the ground taken in favor of the defendant, that if he had become liable at all it was as

administrator of the estate, and the court directed the jury that if it was the intention of the plaintiff to look to Mr. Dayton, as the administrator, for his compensation, then he could not recover against him individually. This was considered by the court when the motion for a new trial was finally heard and decided to have been a misdirection as to the law, and for that the verdict in favor of the defendant was set aside. In this view of the law the court was quite clearly correct for a mere intention, on the part of the plaintiff, to look to the administrator for his compensation would not prevent him from recovering a verdict against the defendant, personally, if the services were rendered for him, without an agreement that they should be paid for out of the estate. A point similar to this was considered, and as much as that held, in *Austin* v. *Munro* (47 N. Y., 360), but it was not probably intended to overrule the preceding case of *Chouteau* v. *Suydam* (21 N. Y., 179). It was practically also followed in *New* v. *Nicoll* (73 N. Y., 127). What these cases, considered together, require that the law shall be held to be is, that the administrator himself will be personally liable for the value of services rendered at his instance for the benefit of the estate, where there is no agreement on the part of the creditor to look to or confine his claim for compensation to the estate itself, or the defendant in his official capacity. Where services are rendered under such an employment or agreement, then the party rendering them will not be at liberty afterwards to resort to the personal representatives, individually, but he will be confined to the rights or remedies existing for the enforcement of the agreement, as it has been made by him; and if by the agreement he has confined himself to the estate as his debtor, or the personal representative administering it, he will not be permitted to maintain an action for the recovery of his demand against the personal representative himself, individually. To produce this result the agreement of the plaintiff may be established as other agreements are allowed to be proved in courts of justice. That may be done by the language used on the occasion when the agreement is alleged to have been made or by circumstances disclosing its nature and effect. Whether the plaintiff can maintain the action must, therefore, depend upon what the contract shall appear to have been under which the services were rendered. A mere intention to look to the

estate or the defendant as administrator, is not sufficient to exclude his individual liability, but an agreement on the part of the plaintiff either expressed or to be inferred from the circumstances, to look to the estate or the administrator as such for his compensation, will prevent him from maintaining his action to recover against him individually. As the case was submitted to the jury the charge was too favorable to the defendant and the order was right, setting aside the verdict and directing another trial of the action.

It should be affirmed, as the facts have been made to appear, with costs to abide the event.

Brady, P. J., concurred.

Order affirmed, with costs to abide event.