UNITED STATES TRUST CO. *v.* STANTON.

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

MORTGAGE—FORECLOSURE BY SUBSTITUTED TRUSTEE—COUNTERCLAIMS.

> In a suit by a trustee substituted in place of an executor to foreclose a mortgage executed to the executor, defendant set up a claim for legal services rendered the executor much in excess of the mortgage, and the court found that the mortgage was satisfied by such services. *Held,* there having been no agreement creating a lien on the estate, and defendant not having been employed by plaintiff, the present trustee, that a judgment over against him for the balance of defendant's claim could not be rendered.

Appeal from special term, Kings county.

Action by the United States Trust Company of New York, as substituted trustee, against Philip V. R. Stanton to foreclose a mortgage. From a judgment for plaintiff, defendant appeals. Affirmed.

For former report, see 8 N. Y. Supp. 756.

Argued before BARNARD, P. J., and DYKMAN and CULLEN, JJ.

*P. V. R. Stanton, in pro. per. Edward W. Sheldon,* for respondent.

BARNARD, P. J. The defendant gave a bond and mortgage May 19, 1862, for $2,500, to the executors and trustees under the will of Gilbert W. Bowne, deceased. In November, 1886, the plaintiff was substituted by this court as trustee in the place of the surviving executor and trustee, Leveridge, under the will. These executors between November, 1864, and February, 1871, employed the defendant to perform legal services in and about the business of the estate. The services are found by the court to have amounted to $17,000; that $1,324 had been paid; and that $15,981.90 was due February 1, 1871, with the interest thereon. The interest on the bond and mortgage was paid up to May 1, 1867. It seems from the case that a payment of interest was claimed to have been made on the 23d of October, 1867, but the trial court found as a fact that no such payment was proven, and that no payment

had been made upon the bond and mortgage within 20 years next before the commencement of the action, which was October 10, 1887. There is no evidence returned, and no appeal is shown by the papers to be taken by the trust company, plaintiff. The trial court found as a conclusion of law that the bond and mortgage were paid by the services, and the court does not find as a conclusion of law that the bond and mortgage are barred by the statute of limitation. The finding of fact being in the case that no payment was made on the obligation within 20 years, it would be improper to reverse the judgment because the conclusion of law was not found by the court, in the absence of an appeal by the plaintiff. The defendant urges on his appeal that a judgment be given against the trust estate for the balance due him over and above the mortgage. The claim is not good. The employment of the defendant was not made by the present trustee, and there is nothing in the findings which makes the case different from *Stanton* v. *King*, 8 Hun, 4, 76 N. Y. 585; *New* v. *Nicoll*, 73 N. Y. 127. There was no agreement made by the old executor which created a lien on the estate for the defendant's services, and there is not proven a state of facts such as would justify the creation of a charge upon the trust fund under any of the cases which recognize exceptions to the general rule that the trustees are primarily liable for the debt, with power to reimburse themselves out of the estate upon an accounting.

Judgment should be affirmed, with costs. All concur.