## UNITED STATES TRUST CO. v. STANTON et al.

(Supreme Court, General Term, Second Department. December 12, 1892.)

1. LIMITATION—PART PAYMENT—EVIDENCE.
   On a question as to the payment of interest on a mortgage bond, relied on to take the bond out of the statute of limitations, it appeared that entries of the payment had been made by a bookkeeper in the books of the mortgagee and on the bond itself. The bookkeeper also testified directly to having received payment at the time of the entries. The only contradiction was that of the mortgagor, who testified that no payment had been made to the bookkeeper. *Held,* that the payment was proven.

2. SET-OFF—WHEN ALLOWABLE—SERVICES OF ATTORNEY—FORECLOSURE.
   Services rendered by an attorney to a trust estate, greatly in excess of a mortgage given by him to the estate, cannot be set off on foreclosure, where there is no agreement that the services might be received in payment of the mortgage, and where no claim could have been sustained if the suit had been brought directly against the trustee as representing the estate generally.

Appeal from special term.

Action by the United States Trust Company, as substituted trustee under the will of Gilbert W. Bowne, deceased, against Philip V. R. Stanton, wife, and others to foreclose a mortgage, made by defendants. From a judgment for defendants, plaintiff appeals. Reversed.

For former reports, see 8 N. Y. Supp. 756; 19 N. Y. Supp. 986.

Argued before BARNARD, P. J., and DYKMAN, J.

Edward W. Sheldon, (Samuel H. Benton, of counsel,) for appellant.

Philip V. R. Stanton, in pro. per., for respondents.

BARNARD, P. J.   On the 19th of May, 1862, the defendants executed a bond and mortgage for $2,500 to the executors of the last will of George W. Bowne. The plaintiff, on the 23d of November,

1866, was appointed to succeed the executor as trustee, and thereby acquired the title to the bond and mortgage. The last surviving trustee under the will of Bowne was John Leveridge, and the question first presented is whether a payment of interest was made to him on the 23d of October, 1867. If not so made, the statute of limitations has run against the bond and mortgage. This payment is clearly proven. George Leveridge, a son of the trustee John Leveridge, kept the books of the trust estate at that time. On this 23d day of October, 1867, there appears an entry made by the bookkeeper, George P. Leveridge, of the payment of a half year's interest,—$87.50. At the same date, and by the same person, an entry was made of the payment upon the bond. The witness testifies directly that the payment was made to him on that day. Entries of this particular payment were also made in the joint cash book and upon the ledger. The proof of the payment is complete, and is entirely uncontradicted, except that defendant testifies that the last payment was not made to this witness. The case shows that the defendant Stanton was the attorney for the estate before the plaintiff was substituted. The finding is that he performed services for a very large amount, and that the payments thereon had been small. The question, as a general question, is unimportant, as the court of appeals has held that the attorney has no lien or claim against the estate in the hands of the present trustee. Stanton v. King, 76 N. Y. 585.

The trial court has found that the services were of a greater amount than the amount of the mortgage, and this presents the only remaining question: Was it right to set off the services against the mortgage, and thereby pay it? The counterclaim for services would not be supported by the evidence, if the action was directly brought upon it against the plaintiff as generally representing the estate. Code, § 502; New v. Nicoll, 73 N. Y. 127. There was no agreement that the alleged services should be received as a payment on the bond and mortgage. The defendant testifies that he does not remember he ever "had any conversation with anybody on that subject." A payment not being proven, it follows that the defendant Stanton must rest upon his counterclaim, and that, as settled by the protracted litigation shown by the papers, he cannot do. The judgment should be reversed, and a new trial granted; costs to abide event.