BRASSINGTON v. ROHRS et al.

(Common Pleas of New York City and County, General Term. April 10, 1893.)

COSTS ON APPEAL—SEPARATE APPEALS IN ONE NOTICE.

Where several appeals are taken in a cause, respondent, on affirmance, is entitled to costs of each appeal, though all the appeals are included in a single notice of appeal.

Action by John D. Brassington against Frederick Rohrs and others on a promissory note. The judgment and two orders were affirmed on appeal by defendants, (22 N. Y. Supp. 761,) and plaintiff asks the allowance of the costs of three appeals.

Henry Wehle, for appellants.
Chas. J. Hardy, for respondent.

DALY, C. J. The appellants, upon a single notice of appeal to this court, brought up for review (1) the judgment of the general term of the city court upon demurrer, together with the order directing such judgment; (2) an independent order, made after judgment, denying the motion to vacate such judgment; and (3) an independent order striking out as sham that part of defendants' answer which had not been demurred to. Although there was but one notice of appeal, it specified three appeals, and the respondent is therefore entitled to costs of each appeal. Stanton v. King, 76 N. Y. 585. The appellants for their own convenience, included their three appeals in one notice; but that does not make less than three appeals, which respondent was called upon to contest and argue, and which were in fact separately discussed in the briefs on both sides. Respondent was not relieved from any labor, nor saved any time, by the form in which the appeals were taken. We have therefore allowed costs upon the appeal from the judgment which will cover the appeal from the intermediate order sustaining the demurrer. The disbursements allowed upon that appeal will cover all the printing upon all the appeals, as the appeal papers upon all were contained in one book, and the points upon all were embraced in one brief. On each of the two remaining appeals from orders, costs to be taxed without disbursements are allowed. Goodridge v. Connor, 66 How. Pr. 143. All concur.