BOSSERT et al. v. STRIKER.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. GUARANTY (§ 4*)—ORIGINAL UNDERTAKING.

An executor signed a writing authorizing plaintiffs to furnish to a third party materials for certain buildings belonging to the estate, such materials to be delivered in the name of the estate, and "guaranteed" payment therefor in accordance with a prior similar writing. Held an original undertaking, and not a guaranty.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. §§ 3–6; Dec. Dig. § 4.*]

2. EXECUTORS AND ADMINISTRATORS (§ 430*)—CONTRACTS—ACTIONS.

An action on an order for the delivery of materials for buildings belonging to an estate, signed by the executor, with the name of the estate, followed by his own name and the word "executor," was properly brought against the executor personally.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1683; Dec. Dig. § 430.*]

Hirschberg, P. J., dissenting.

Appeal from Trial Term, Kings County.

Action by Louis Bossert and another against George W. Striker. Judgment of dismissal, and plaintiffs appeal. Reversed, and new trial granted.

This action is brought to charge the defendant as guarantor with a balance due for certain building material. It appears that the defendant subscribed the following paper:

"Mr. George W. Striker, Executor Estate of C. W. Smith: Please pay to the order of Messrs. Louis Bossert & Son, for material to be delivered for buildings at 119–121 Elizabeth St. and 158 Mott St. the sum of seventy-three hundred and thirty dollars, and deduct the same from my account.
                                                  "William Winberg.

"For and in consideration of the sum of one dollar, the receipt whereof is hereby acknowledged, I hereby accept the above order, and guarantee to Messrs. Louis Bossert & Son, of the borough of Brooklyn, city and state of New York, the payment of seventy-three hundred and thirty dollars ($7,-330 00/100) for material to be furnished to William Winberg. This guarantee is given to induce Messrs. Louis Bossert & Son to furnish material to Mr. William Winberg for the above amount of seventy-three hundred and thirty dollars, and I agree to make payments as work progresses.
                                                  "Estate of Chas. W. Smith,
                                                  "George W. Striker, Executor.

"Messrs. Louis Bossert & Son—Gentlemen: You are hereby authorized to furnish all materials for above buildings as per contract with Mr. Winberg, payment for materials furnished and to be furnished is hereby guaranteed as before. Deliver same in the name of Est. of Chas W. Smith.
                                                  "Estate of Chas. W. Smith,
                                                  "Geo. W. Striker, Executor.

"Louis Bossert & Son, Grand St. & Newtown Creek, Brooklyn, N. Y."

In their bill of particulars the plaintiffs state that the "first guaranty was executed some time in the year 1905," to secure $7,330, "on which no claim is made"; that the "second guaranty" was executed on or about February 26, 1906; and that the "contract liability between the plaintiffs and William Winberg, after the execution of the second guaranty * * * was on oral or telephone orders, and that the dates of the same are the dates when the goods were furnished, as will appear by the bill or statement of merchandise furnished, hereto annexed."

The defendant "admits" that as executor of the will of Charles W. Smith,

deceased, and for the benefit of the estate, in consideration that plaintiffs would sell certain building materials to Winberg, and for the benefit of the estate and in its name, and not intending to render himself formally liable, as the plaintiffs well knew, he guaranteed and promised to be answerable for the payment of the price of materials to be sold to the amount of $7,330 and no more; that the materials were to be delivered at certain buildings of which the testator had died seised and possessed, and which his said executors held in trust. He denies that he ever made, either as executor as aforesaid or individually, any guaranty, except for the said sum, which has been fully paid.

At the close of plaintiffs' case, defendant moved for dismissal, on the grounds, first, that the papers on their face are an obligation of the estate, and not the defendant personally; and, second, that the guaranty is to pay the amounts due under a contract between Winberg and these plaintiffs, and the only proof of any contract is that for the $7,330, and the receipts are in full therefor. The motion was denied under exception, but after the defendant's opening the court said that if the second guaranty, made in February, 1906, was a continuation of the first guaranty, and if the goods were not delivered to Mr. Winberg—if he was not in charge of the work—that the defendant could not be bound. The court further said that the second guaranty sufficiently referred to the first guaranty, and undoubtedly referred to the $7,330, which was the subject of the contract with Winberg. And after further discussion the court said: "I am inclined to hold that under this second guaranty * * * there is no personal liability of this defendant." Wherefore it granted the motion to dismiss, under exception.

Argued before HIRSCHBERG, P. J., and THOMAS, JENKS, WOODWARD, and CARR, JJ.

J. Stewart Ross, for appellants.

Rufus O. Catlin (James C. Cropsey, on the brief), for respondent.

JENKS, J. We think that the "second guaranty" may be regarded as an order upon the plaintiffs to furnish materials of the kind required by the contract of Winberg, but to be delivered in the name of—i. e., to—the estate of Charles W. Smith. Payment is promised, not only for the materials furnished, but for those to be furnished, and payment is guaranteed as before; i. e., as the work progresses. It is true that the plaintiff pleads on a guaranty; but we may gather from the complaint that the materials were to be delivered at certain specified buildings (which it appears were the property of the estate), and, as we have said, the "second guaranty" indicates that there was a direct order for delivery to the estate. We think, then, that the circumstances admit a consideration that this undertaking was original in its character. See Ward v. Hasbrouck, 169 N. Y. 407, 62 N. E. 434. The action was properly brought against the defendant personally. New v. Nicoll, 12 Hun, 431, affirmed 73 N. Y. 127, 29 Am. Rep. 111, and authorities cited.

The judgment is reversed, and a new trial is granted; costs to abide the event. All concur, except HIRSCHBERG, P. J., who dissents.