### WELLER v. STENGEL.

(Supreme Court, Appellate Division, Second Department. July 27, 1911.)

BANKRUPTCY (§ 114*)—CONTRACT OF RECEIVER.

Where the receiver in bankruptcy of a corporation contracted with plaintiff for services as a watchman, to be paid for out of the bankrupt's estate, the receiver would not be individually liable for any part of the services.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 164–166; Dec. Dig. § 114.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Eliza Weller, as administratrix of Charles H. Weller, deceased, against Henry Stengel, Jr. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

See, also, 137 App. Div. 898, 122 N. Y. Supp. 1149.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Arthur L. Hurley, for appellant.
Henry Stengel, Jr., in pro. per.

PER CURIAM. The defendant, as a receiver in bankruptcy for G. Wagner & Co., under appointment of the United States District Court, employed the plaintiff's intestate as a watchman, at an agreed price of $3 per day. The employment resulted in a claim for $431, of which sum $169.05 has been paid, leaving a balance due of $261.95. There is no question that the sum paid was out of the bankrupt estate fund, and this action is brought to recover the balance remaining from the defendant individually. Upon a former appeal (137 App. Div. 898, 122 N. Y. Supp. 1149) by the plaintiff from a judgment against him, this court reversed the judgment on the authority of Rogers v.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Wendell, 54 Hun, 540, 7 N. Y. Supp. 781, 8 N. Y. Supp. 515. The case has been retried, and the learned Municipal Court has found, upon sufficient evidence, that the defendant specifically contracted with the plaintiff's intestate that he was to receive his compensation out of the estate or fund of the bankrupt, and upon this finding of fact distinguishes the case from that of Rogers v. Wendell, supra, and gives judgment in favor of the defendant, dismissing the complaint.

We are of the opinion that this finding of fact takes the case out of the general rule, and brings it within the exception. New v. Nicoll, 73 N. Y. 127, 130, 29 Am. Rep. 111. The fact that the payments already made came from the trust fund to the knowledge of plaintiff's intestate gives support to the finding of fact, and if this was the contract the defendant is not liable.

The judgment appealed from should be affirmed, with costs.