LAUN-DRY-ETTE SALES CO., INC., Plaintiff, *v.* GEORGE FIELDING and Others, Defendants.

Municipal Court of the City of New York, Borough of Manhattan, First District, December, 1922.

**Trusts — corporation — when liquidating trustees who assume control of business personally liable for goods purchased.**

Where under and by virtue of a trust agreement constituting defendants liquidating trustees of a domestic business corporation, they assume the control, operation and conduct of the business theretofore carried on by the corporation, they are personally liable for the agreed price of goods sold and delivered to them thereafter.

A clause of the trust agreement which provides for the election of the liquidating trustees to the board of directors of the corporation does not take them out of the class of trustees operating a business trust under said clause, which merely defines one of the incidental modes by which defendants, as trustees, were to effectuate the express purposes of the trust.

ACTION for goods sold and delivered.

*Hirschman & Roeder*, for plaintiff.

*Robert P. Levis*, for defendants.

GENUNG, J.   This is an action by the plaintiff against the defendants for $476.40, the agreed price of goods sold and delivered.

Defendants are liquidating trustees of Charles F. Campbell, Inc., a domestic business corporation.   The instrument by which the defendants became trustees of the business is in evidence. This instrument constitutes the defendants " liquidating trustees " and gives them plenary powers to carry on the business of Charles F. Campbell, Inc., and was entered into on May 3, 1919.   The defendants, under and by virtue of this trust agreement, assumed the control, operation and conduct of the business theretofore carried on by the corporation.   Thereafter on May 14, 1919, June 27, 1919, and July 7, 1919, the goods, wares and merchandise in question were purchased from the plaintiff and duly delivered by it.   There is no dispute as to these facts.   The case was submitted solely on the question of law as to whether the defendants herein are personally liable to the plaintiff for the purchase of said goods.   The defendants contend that there is no personal liability.   The plaintiff contends that purchase having been made upon a new consideration after the defendants were in control of and operating the business as liquidating trustees, they became personally liable upon the contract for goods sold and delivered. The contention of the plaintiff is correct.   *New* v. *Nicoll*, 73 N. Y. 127; *Austin* v. *Munro*, 47 id. 360; *Taylor* v. *Davis*, 110 U. S. 330; *Roger Williams Nat. Bank* v. *Groton Mfg. Co.*, 16 R. I. 504; Sears' Trust Estates as Business Companies, chap. 5, and cases there cited.

Defendants argue that defendants were the officers and agents of the corporation and, therefore, on well-known principles of agency and the principles of corporate liability based thereon, the defendants are not personally liable.   Apparently this inference is drawn by the defendants from a clause in the trust agreement which provides for the election of the defendant trustees to the board of directors of the corporation.   The defendants are not taken out of the class of trustees operating a business trust by that clause.   That clause would seem merely to define one of the incidental modes in which the defendants, as trustees, were to effectuate the express purposes of the trust.   Nor are the defendant trustees agents.

In *Taylor* v. *Davis, supra,* at page 334, Justice Woods of the Federal Supreme Court thus defines the legal status of such a trustee:   " A trustee is not an agent.   An agent represents, and

acts for his principal, who may be either a natural or artificial person. A trustee may be defined generally as a person in whom some estate, interest or power in or affecting property is vested for the benefit of another. When an agent contracts for his principal, the principal contracts and is bound, but the agent is not. When a trustee contracts as such, unless he is bound no one is bound, for he has no principal. The trust estate cannot promise; the contract is therefore the personal undertaking of the trustee. As a trustee holds the estate, although only with the power and for the purpose of managing it, he is personally bound by the contracts he makes as trustee, even when designating himself as such."

This is an adequate statement of the rule. Although it has sometimes been stated as a reason why the trustee is held personally liable upon his contracts as trustee is because he has no power to bind the trust estate, it being likened to an agent who has exceeded his authority, the true reason why he is held personally liable on such contracts is that he has no principal, or, rather, he is the principal himself.

Defendants further urge the fact that the goods were billed in the name of the corporation. This fact alone is not sufficient to take the instant case out of the general rule. To absolve the defendants from personal liability for the purchase price of the goods in question, it is necessary that some agreement to that effect should have been entered into by and between the plaintiff and the defendants, and it is not sufficient that the goods were sold and delivered upon the faith and credit of the trust estate, if such were the case, to relieve the defendants. *New* v. *Nicoll, supra; Bossert* v. *Striker,* 142 App. Div. 5; *Mulrein* v. *Smillie,* 23 id. 135.

It follows that the defendants are personally liable for the purchase price of the goods. Judgment for the plaintiff for $476.40, with costs.

Judgment accordingly.