Raymond Apollonio, Respondent, v. Charles Chambers, Individually, and as Trustee under the Will of James Chambers, I, and Others, Appellants.

Second Department, March 18, 1940.

*Walter L. Post* [*Edward Holloway* with him on the brief], for the appellants.

*Arthur S. Hogue*, for the respondent.

Per Curiam. This is an action in equity, brought by plaintiff to recover certain rentals of real property allegedly collected by certain defendants, which real property, consisting of a number of

old apartment houses, was the subject of a trust created by the will of James Chambers I, deceased in 1891. The real estate in question was in a dilapidated condition in the year 1932. It required extensive repairs which the then testamentary trustees, including Charles Chambers, were unable to make because of lack of trust funds for the purpose. The plaintiff made certain repairs at his own expense at the trustees' request, under an oral arrangement that plaintiff should be given a written lease of all the properties by the trustees for the period extending from 1932 to September, 1935, which arrangement contemplated that he should be reimbursed for such rehabilitation expenditures made by him, from the rents paid by the several tenants of the property during that term. Such written lease, however, was never executed, although the plaintiff proceeded to and did make such rehabilitation expenditures for which he was in part only reimbursed. After a trial before the court without a jury, a decision was rendered in favor of the plaintiff upon which an interlocutory judgment was entered directing an accounting before an official referee, who subsequently reported, upon sufficient evidence, that the amount due plaintiff for his services in connection with the rehabilitation work, with interest, and for his expenditures for such work, not repaid to plaintiff, was the aggregate sum of $6,681.25. Final judgment was subsequently entered in favor of the plaintiff, confirming the official referee's report, adjudging that the amount due to the plaintiff, including interest, costs and extra allowance, was the sum of $7,001.01, granting to the plaintiff an equitable lien therefor upon the income, rents, profits, proceeds and use of the real property described in the complaint and in the final judgment, as to the right and interest of Charles Chambers, who was one of the testamentary trustees and also a beneficiary of the trust, until such amount should be paid to the plaintiff; and also appointing a receiver of the rents, issues and profits of the several parcels of real property, with the usual powers and duties of receivers. Two of such parcels were owned in fee as tenants in common by the testamentary trustees, as to an undivided one-half thereof, and by one Vernolian Schwartz (not a party to this action), as to the other undivided one-half thereof. The remaining parcels were owned in fee as tenants in common by the same defendants-trustees as to an undivided one-half thereof and by the defendant Julian G. Chambers, who was an infant in the year 1932, and who attained his majority in 1935, as to the other undivided one-half thereof. Subsequently, upon a motion to vacate and set aside the judgment, an order was made granting that motion to the extent (a) of vacating the judgment against the defendant Julian G. Chambers, (b) of directing the receiver, thus appointed by the judgment, to collect

after the date of the order only one-half of the rents described in the judgment and to pay only one-half of the mortgage interest, taxes and carrying charges thereon; (c) as to the premises 99 Sterling place and 107 Sterling place, Brooklyn, upon the accounting therein ordered, to pay to Vernolian Schwartz, the owner in common of such premises, one-half of any rents thus collected by the receiver prior to the date of the order, after first deducting any interest, taxes or carrying charges paid by him, which order (d) also directed the receiver to file an account of his receipts and disbursements up to the date thereof and to proceed to render and settle such account, upon notice to be given to the said Vernolian Schwartz. Except as stated, the motion to vacate the judgment was in effect denied and the judgment permitted to remain in full force and effect.

Defendants appeal from the final judgment entered herein, and from the order denying their motion to vacate and set aside said judgment, except in so far as the order vacates the judgment as to Julian G. Chambers and directs the receiver to collect only one-half of the rents of the properties described in the judgment.

In our opinion (a) the provision of the final judgment which fixes the amount due to plaintiff is correct, the official referee's finding of the amount thus due being amply supported by evidence, and (b) the provision of that judgment awarding an equitable lien as therein specified is in accord with authority (*New* v. *Nicoll*, 73 N. Y. 127, 130, 131); but (c) the provision of that judgment appointing a receiver as therein specified is legally unwarranted. A receiver should be appointed but he should be limited in his powers as provided in Civil Practice Act, section 974, subdivision 2.

The final judgment should be modified by striking therefrom the provisions thereof appointing a receiver of the rents and profits of the real property described in the judgment, and relating to such receivership; and by inserting in lieu thereof a provision appointing Harry Meisligh as receiver, in pursuance of Civil Practice Act, section 974, subdivision 2, for the purpose of carrying the final judgment into effect, which substituted receivership provision shall, in effect, be as follows: Authorizing the receiver to take and receive, to the exclusion of Charles Chambers, all income payable and to become payable to the latter from the trustees out of the rents of the several parcels of real estate described in the complaint and final judgment, and to pay the same from time to time, under the direction of the court, to the plaintiff on account of his thus declared equitable lien, until the full amount thereof, with interest thereon, costs as awarded in the final judgment, with interest thereon, and the costs of this appeal, with interest thereon, shall have been fully paid; and further directing that any party to the action may apply at the

foot of the final judgment as modified, for such further relief in the premises as may from time to time be proper. As thus modified, the final judgment should be affirmed, with costs to respondent. Findings of fact and conclusions of law inconsistent herewith should be reversed and new findings and conclusions should be made.

Appeal from order denying motion to vacate final judgment should be dismissed.

Present — LAZANSKY, P. J., HAGARTY, JOHNSTON, TAYLOR and CLOSE, JJ.

Judgment, etc., accordingly.
Settle order on notice.