## SAYLES *v.* JOURDAN.

*(Supreme Court, General Term, First Department.* November 23, 1888.)

RECEIVERS—PERSONAL LIABILITY—ACTS WITHOUT AUTHORITY OF COURT.

> A receiver of a railway company who, without any order of court, employs a person to manage a hotel owned by the company, and afterwards leases it to the manager, without any notice to a person who is furnishing the hotel with supplies, is individually liable therefor.

Appeal from circuit court, New York county; LAWRENCE, Justice.

Action by Solomon Sayles against James Jourdan for meats sold and delivered. Defendant is receiver of the Brooklyn, Flatbush & Coney Island Railway Company, but the action was brought against him individually. Judgment for plaintiff, and defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*B. F. Tracy,* for appellant. *Elihu Root,* for respondent.

VAN BRUNT, P. J. Unless the verdict in this case can be sustained upon the uncontradicted facts, there must be a new trial. The evidence in this case did not justify the submission of the case upon the theory that there was some sort of a partnership between Dodge, the manager of the hotel, and the defendant, and it seems to have been error to submit any such question to the jury. The conceded facts of the case show, however, that the defendant was the receiver of the Brooklyn, Flatbush & Coney Island Railway Company, and the Hotel Brighton was owned by such railway company, and the defendant was in possession of the same. The defendant assumed to run this hotel, and employed one Dodge as his manager, of which the plaintiff was aware, and during that time the plaintiff supplied some merchandise to the hotel. Very shortly thereafter the defendant, as receiver, executed a lease to Dodge of the hotel, and it is claimed that subsequently to this time the business was run by Dodge. The business was run, however, to all outward appearances by Dodge, as before, except that upon the time-tables of the railway company he was referred to as the lessee of the hotel. The plaintiff had no notice of this change in the relation of Dodge to the management of the hotel, and he continued to supply meats to the hotel, and for the balance remaining unpaid thereon this action is brought.

The defendant claims that, whatever his liability as receiver may be, he is not liable individually, and in support of this proposition reference is made to those cases where a receiver operating a railroad under the orders and directions of the court has been held not to be individually liable for accidents arising from the negligence of his employes. These cases are, however, no authority upon the question at bar. There is no evidence that the defendant was running this hotel as receiver by direction of the court. Upon the contrary, it seems to have been an enterprise carried on solely upon his own judgment as to its advisability, and whether or not such action would be sanctioned by the court who appointed him was a matter for subsequent determination. The receiver in reference to this enterprise stood upon the same footing as any other trustee primarily liable individually, and if the court chose to ratify his action upon the passing of his accounts it could do so, or it could refuse, and then the adventure became wholly individual. An executor or administrator is primarily individually liable for contracts made in administration. *Mygatt* v. *Wilcox,* 45 N. Y. 306. So the receiver here, acting upon

his own responsibility, was individually liable for the debts created while running the hotel under the management of Dodge. But it may be urged that Dodge ceased to act as manager in May, and subsequent to this time became the lessee and proprietor, and the defendant, under this view of the case, would only be liable for goods delivered prior to this time. Undoubtedly this would be true had the plaintiff any notice of this change in the relation of Mr. Dodge to this enterprise, but by a secret arrangement between the defendant and Dodge the defendant could not terminate his liability for supplies furnished by parties having no notice of such change, and who had commenced their dealings, knowing that the defendant was the proprietor, and responsible therefor. I said secret arrangement because as far as the plaintiff was concerned he had no notice of any change having taken place, and there was nothing to put him upon his guard, as Dodge was manager before the lease, and he apparently occupied the same position afterwards. There may be some question whether, under the circumstances developed in this case, a receiver could be held responsible in his representative capacity. There was no evidence that he was carrying out any direction of the court in the running of this hotel. It does not appear that he had any authority as receiver to do so, and if he had no such authority he was not the agent of the court in this enterprise, and could not commit the property intrusted to his care to the hazards thereof. He would be individually liable for his contracts, but the property of which he was custodian would not be pledged for their payment. Persons dealing with agents must scrutinize their authority if they wish to bind the principal. So in the case of receivers, if the party dealing with a receiver, and wishing to bind the funds in the receiver's hands, must see to it that the court has authorized the incurring of the liability. Applying these principles to the case at bar it would seem that upon the conceded facts the defendant is liable in this action, and the judgment should therefore be affirmed, with costs.

DANIELS, J., concurs.