BARRETT, J.
—Upon the 7th of April, 1893, the defendant was appointed temporary receiver of the property of the E. J. Keldenberg Company. He was not directed by the court to sell the property, and his authority was limited to that conferred by sections 1788 and 1789 of the Code of Civil Procedure. The plaintiff claims that he was employed by the defendant as a truckman, and that the defendant, through an agent, agreed to pay him $28 per week. He also claims a small sum upon a quantum meruit.
The defendant was not authorized, as receiver, to make the contract sued upon, and the plaintiff’s complaint should have been dismissed. If Mr. Lexow was liable at all, it was individually. The case is directly within the rule laid down in Sayles v. Jourdan, 19 St. Rep. 349, and Rogers v. Wendell, 54 Hun, 540 ; 28 St. Rep. 301. These authorities follow the principle enunciated in the cases against executors, administrators, trustees, and assignees, as such. New v. Nicoll, 73 N. Y. 127 ; Schmittler v. Simon, 101 id. 557 ; Willis v. Sharp, 113 id. 591 ; 23 St. Rep. 670 ; Mygatt v. Wilcox, 45 N. Y. 309 ; Ferrin v. Myrick, 41 id. 319. Here the receiver did not attempt to exempt himself from individual liability by an express agreement to that effect. Nor could he charge the estate even by express agreement, as he was not authorized by the court or the statute to continue the business, or •to dispose of the property, or to employ a truckman. A receiver cannot, as was said by ANDREWS, J., in Vilas v. Page, 106 N. Y. 451 ; 11 St. Rep. 416, “ of his own motion contract debts chargeable upon the fund.” He may incur expenses necessary for the preservation of the property ; but even these should, as a rule, be incurred under the authority of the court. If properly made, they will be allowed upon his accounting. The right of action, however, upon a receiver’s promise to pay, is, ordinarily, against the individual. He has no responsible principle behind him for whom he may so promise. This rule applies,- logically, to an implied as well as to an express promise. The person employed must look to the person employing him. That is the gist of the matter. The same rule applies to the quantum meruit count. The employment, if made, as it was not authorized offi.-’ dally, was necessarily personal.
The judgment should be reversed and a new trial ordered, costs to the appellant to abide the event.
All concur.