(20 Misc. Rep. 343.)

### APPLETON v. WELCH.

(Supreme Court, Appellate Term. May 28, 1897.)

1. APPEAL—OBJECTIONS NOT RAISED BELOW.
    An objection that a temporary receiver of a corporation was not authorized by the court which appointed him to manage the business of the corporation cannot be raised for the first time on appeal to defeat an action against the receiver.

2. TEMPORARY RECEIVERS—AUTHORITY.
    Authority of a temporary receiver of a casino company to manage its business may be presumed from the testimony of the receiver that he employed one S. as superintendent, that S. was actually managing the concern, that on one occasion the place was so full of people that he (the receiver) was compelled to ask S. to call in some policemen to clear an entrance way to serve refreshments, and that later on the same evening "we" were compelled to close the doors.

3. BAILMENTS—RESTAURANTS—LIABILITY FOR CUSTOMERS' OVERCOATS.
    Where waiters in a restaurant took the hats and overcoats of customers when they entered, it will be presumed that they acted within the scope of their employment.

Appeal from Ninth district court.

Action by Harry Appleton against David Welch, as temporary receiver of the Harlem Casino Company, to recover the value of an overcoat intrusted to the care of a waiter in a restaurant by a guest. The restaurant was part of the property and business of the Harlem Casino Company, of which the defendant was temporary receiver under an appointment by the supreme court. From a judgment in favor of plaintiff for $35 damages besides costs, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Hays & Greenbaum, for appellant.
Julius Lehman, for respondent.

DALY, P. J. The principal question discussed on this appeal is the right of the plaintiff to maintain an action against the defendant, as temporary receiver of the Harlem Casino Company; it being contended that there is no proof that the receiver was authorized by the court to manage the business of the company. or to carry on its restaurant, where the loss of the plaintiff's overcoat occurred. It appears that this question was not raised in the trial court. If it had been, the objection might have been obviated by proof of the necessary authority in the receiver to conduct the business. The only ground stated by defendant for a dismissal of the complaint was "there is no relationship of master and servant existing between a receiver and

his employés." From this statement it may be inferred that the waiter and persons in charge of the restaurant were employés of the receiver. It was affirmatively proved that he employed the superintendent or manager, Mr. Stein, and that he was actually managing the place on the night when the loss occurred. He testified that on the night in question the place was "jammed to the doors"; that people "were not only unable to get seats, but the aisles were jammed and choked to that extent that I was compelled to ask the manager of the place, Mr. Stein, to call in several policemen for the purpose of making an entrance way into the performance in order to get a chance to serve the refreshments, and we were compelled also later in the evening to close the doors, and prevent any other persons from coming in." It may be presumed from this testimony that the defendant had authority to do what he was doing, and that presumption is not rebutted by the evidence elicited in the question put by his own counsel: "Q. You were not the managing receiver; you were just the temporary general receiver? A. Yes, sir,"—since no motion was made to dismiss upon that ground, nor upon the absence of proof of authority. A temporary receiver, as such, has no authority to continue the business of the concern, and, unless he is authorized to do so by the court, the estate cannot be charged with liability incurred by him in the business. Meyer v. Lexow, 1 App. Div. 116, 37 N. Y. Supp. 67; Sayles v. Jourdan (Sup.) 2 N. Y. Supp. 827. And if this defendant was not authorized to manage the casino or restaurant, he should have made the fact clearly appear, or have taken the specific objection that no such authority had been shown by the plaintiff. Where parties in the district courts are represented by competent counsel, it is to be assumed that the case is tried upon the actual facts as known to them; and a judgment will not be reversed upon an objection taken for the first time on appeal as to a matter of proof which might have been obviated on the trial, if then made.

On the question of liability for the act of the waiter in taking charge of the plaintiff's coat, and failing to properly care for it, the judgment cannot be disturbed. It is said that there was a cloak room, but it was not conclusively shown that the guests were advised of it. It is claimed that there were notices displayed that the proprietors would not be responsible for overcoats, but this was disputed, and the fact may be assumed to be found by the justice adversely to the appellant's contention. The case shows that the waiter took the hats and coats of the party when they entered the restaurant, and sat at a table, and under the circumstances it may be inferred that it was within the scope of his duty to do so. The master would be liable for any neglect to safely care for such articles. Guests invited to sit and eat at tables must be expected to remove and lay aside their hats and wraps, and the defendant was bound to provide a reasonably safe place for them. The case is like Bunnell v. Stern, 122 N. Y. 539, 25 N. E. 910, and should be disposed of as that was. The justice properly gave judgment for the plaintiff.

Judgment affirmed, with costs. All concur.