KNICKERBOCKER ICE COMPANY, Plaintiff, *v.* FREDERICK S. BENSON, Receiver, Defendant.

Municipal Court of New York, Borough of Manhattan, First District, April 23, 1935.

*Simon Sverdlik*, for the plaintiff.

*Herman Wollitzer*, for the defendant.

LAZARUS, J. The defendant was a receiver in an action to foreclose a mortgage on real property. At the time of his appointment he found a quantity of coal which plaintiff had delivered to the premises and for which the owner had not paid. The owner authorized the plaintiff to retake the remaining coal, and the latter threatened to do so. The defendant made no claim that the coal on the premises was covered by the mortgage under foreclosure (*Clinton Trust Co.* v. *142–144 Joralemon Street Corp.*, 145 Misc. 475), but negotiated for its purchase. Plaintiff estimated that the value of the coal was $102.50. Without disputing plaintiff's estimate, defendant's attorney wrote to plaintiff, among other things, as follows: " The Receiver has about $75 in his possession and if you are willing to accept this in payment of the coal, check will be forwarded to you." To this plaintiff agreed.

Defendant now resists payment on several grounds. He contends that he is not amenable to suit in any court except that of which he is an officer; and that a receiver cannot be subjected to suit without the leave of the court whose officer he is. (*Matter of Frankle*, 241

App. Div. 767; *Witherbee* v. *Witherbee*, 17 id. 181; *Matter of Platt*, 41 N. Y. Super. Ct. 513.) Defendant also contends that since it appears that the receiver's account has been passed, and that he has been discharged by order of the court, an application must be made to vacate that order before applying for leave to sue. (*New York & W. U. Tel. Co.* v. *Jewett*, 115 N. Y. 166; *Matter of Frankle*, 241 App. Div. 767; *Hanlon* v. *Smith*, [C. C.] 175 Fed. 192, 197.)

All of these contentions are predicated upon the erroneous assumption that the action is against the defendant in his official capacity as a receiver. On the contrary, I hold that the action is against the defendant individually. The addition of the word " Receiver " to defendant's name in the title of the action does not establish that the action was brought against the defendant in his official capacity. In the absence of further elaboration or allegation, it is merely *descriptio personæ*, and may be disregarded as surplusage. (*Williamson* v. *Stevens*, 84 App. Div. 518, 524; *Genet* v. *DeGraaf*, 27 id. 238; *Gatti-McQuade Co.* v. *Flynn*, 79 Misc. 430.)

This brings us to the question of liability of a receiver in foreclosure. Such a receiver is not in any true sense the agent of the mortgagee or of the owner of the equity. (*Stannard* v. *Reid & Co.*, 118 App. Div. 304, 314; affd., 195 N. Y. 530; *Gaboury* v. *Central Vermont Ry. Co.*, 250 id. 233, 238.) He is merely an officer or instrument of the court in the preservation and operation of the property. He is appointed by the court, and only the court can give him directions or discharge him. And while the court may be said to pledge its faith to carry out the engagements and contracts authorized by it it is impossible to suppose that the relation of principal and agent exists between the court and the receiver. In short, he has no principal behind him. (*Meyer* v. *Lexow*, 1 App. Div. 116, 117.) The result is that he acts in pursuance of his appointment as a principal and on his own responsibility and credit. (*Vilas* v. *Page*, 106 N. Y. 439, 451.) As a general rule, the contracts of a receiver are his own contracts and the person employed must look to the individual employing him. (*Meyer* v. *Lexow*, 1 App. Div. 116, 117.) The receiver, in turn, may be indemnified out of the fund for liabilities or expenditures properly incurred. The rule of individual liability is supported by precedent and is consistent with the requirements of modern business. Criticizing the opposite view, that one dealing with a receiver must look exclusively to the fund or to the receiver in his official capacity, Lord ESHER said in *Burt, Boulton & Hayward* v. *Bull* (L. R. [1895] 1 Q. B. 276, 281): " The consequences of the opposite view appear to me to be so serious that no Court, having regard to the exigencies of business, would accept it, unless they were absolutely obliged to do so by authority;

for the result would be that no tradesman could safely deal with such a manager without inquiring as to the existence of a fund to which he might look, whether, if such a fund existed, it was not subject to other liabilities, and whether the business was being carried on by the manager at a profit; and the same thing might apply to the servants employed in the business."

In one sense, the fund may be personified and treated as a principal; or the receiver may be regarded as a " corporation sole." (*Smith* v. *Jones Lumber & Mercantile Co.*, [D. C.] 200 Fed. 647, 650.) The receiver may avoid individual liability by acting strictly within the scope of the authority conferred by the order appointing him or by subsequent authorization; and by so wording his contracts as to indicate clearly that he is acting only in an official capacity, and is assuming no individual liability. In such event, regardless of the remedy pursued by the claimant, the liability is ultimately chargeable against the fund. But where a receiver, although authorized by the court to contract as such, assumes to contract in his individual capacity, although for the benefit of his trust, or if he assumes to contract as receiver without authority so to do, he will be held individually liable. (*Sager Manufacturing Co.* v. *Smith,* 45 App. Div. 358, 364; *Sayles* v. *Jourdan,* 50 Hun, 604; affd., 121 N. Y. 685.)

The defendant in this case did not make it clear to the plaintiff that he (the defendant) was not assuming individual liability, and that plaintiff's sole remedy would be to have recourse to the fund. Furthermore, it does not appear that defendant had any authority as receiver to make this contract

Judgment for plaintiff.