James O. Moore, J.
This is an application for modification of a judgment entered pursuant to the consent of the parties on April 17, 1970 which directed the defendant corporation to *517 abate air pollution at its Gowanda plant by eliminating the necessity for the use of five smaller boilers through the installation of a rectifier and by converting its two larger boilers from coal firing to oil firing in accordance with plans and specifications approved by the New York State Department of Health.
The deadline fixed in the judgment consented to by the parties is June 15, 1970, and the defendant has expended substantial sums of money in procuring the necessary equipment and effecting the necessary modifications. The progress of this work has, however, been impeded by delays in delivery of equipment occasioned by the teamsters’ strike and by a work stoppage of steamfitters employed by a subcontractor on the conversion job. As a consequence, the defendant will be unable to complete the necessary modifications of its facilities by June 15, 1970 and seeks an extension to June 22, 1970 with respect to the prohibition against the operation of more than three of its smaller boilers and an extension to July 19,1970 of the mandate to operate all combustion installations in compliance with the New York State Rules for Air Pollution ¡Control '(10 NVCRR chapter IV).
The judgment contemplates the possibility of delays occasioned by strikes, failure and delay of suppliers or other conditions beyond the control of the parties and specifically authorizes the present application for an extension or modification of the time schedule. Therefore, this court must balance the public interest represented by the rights of the community to an immediate abatement of the air pollution that has plagued it for these past many years and the economic loss that will be suffered directly by the 300 employees of the company and indirectly by the community in the closing of these facilities.
The Attorney-General vigorously opposes the application and expresses the fear that it represents the first step in securing endless extensions by easy stages. This court will not countenance any such procedure, and it was made clear on the oral argument that the defendant’s application would be entertained only on condition that no further relief would be sought or granted with respect to the time schedules contained in the judgment.
Air and water pollution has already imposed an awesome toll on the quality of our environment, and the enforcement measures now under way must be vigorously pursued and supported. In the instant case, a welcome degree of abatement is all but achieved. The court finds that, through no fault or lack of good faith upon the part of the defendant, a delay of *518 approximately one month in the completion of the required modification of the facilities is inevitable, All of the equipment necessary for the modification is presently on hand, and there remains the work of installation and conversion. The sole alternative to granting the relief sought is to direct the termination of the defendant’s operation at Gowanda.
Under the circumstances, the motion to modify the judgment by extending the deadline for the operation of more than three of the smaller coal-fired boilers to June 22, 1970 and by extending the deadline of the mandate to operate all combustion installations in compliance with the New York State Rules for Air Pollution Control to July 19, 1970 is granted. This relief is granted upon the express condition that this court will entertain no further applications for extensions of the time period prescribed in the judgment, and the order to be entered herein will provide that in the event the defendant has failed to comply with the provisions of the judgment as modified, it will cease operating its Gowanda facilities on July 19, 1970.