(March 18, 1980)

■ IZRAEL KAPLAN, Respondent, v 2108-2116 WALTON AVENUE REALTY Co., INC., Appellant, et al., Defendant.—Order of the Supreme Court, Bronx County, entered July 18, 1979, which, *inter alia,* denied appellant's cross motion to reject the Special Referee's report, unanimously modified, on the facts, and appellant's cross motion granted to the extent of remanding the matter to the Referee for further proceedings in accordance with this memorandum decision, and otherwise affirmed, without costs or disbursements. In this foreclosure action, the Receiver has filed an intermediate accounting. The order appointing him provided, *inter alia,* that he is authorized "to make all essential repairs necessary to operate the premises". The owner, appellant herein, does not object to "the normal and usual expense and maintenance costs of the premises" but does object to "substantial items relating to merely maintaining the physical building." A Receiver is an officer of the court and not an agent of the mortgagee or the owner *(Knickerbocker Ice Co. v Benson,* 155 Misc 738, 740). His duty is to preserve and operate the property, within the confines of the order of appointment and any subsequent authorization granted to him by the court *(Knickerbocker Ice Co. v Benson, supra).* There was no subsequent order in connection with the operation of the property sought or obtained by the Receiver. In the reference herein, there was a failure to determine whether the sidewalk repairs were essential to the preservation of the property. The record does not show whether the sidewalk's condition was a violation of city ordinances or the extent to which the sidewalk was in disrepair so as to justify a claimed expenditure of $2,840. We note, also, that no findings were made with respect to whether the other challenged expenditures were for "essential repairs" or for "substantial items" requiring prior approval of the court. It is no answer to appellant's objections that, as stated in the Referee's report, "A receiver holding property in such [a depressed] area is presented with problems probably not contemplated by our real estate law and foreclosure statutes." No such exception can be made to the rule that a Receiver's authority is limited to the authorization granted to him by court order. Upon the remand directed herein, the Referee is to determine and report, as to each of the challenged expenditures, whether each such expenditure is proper and comes within the ambit of "essential repairs necessary to operate the premises". Following the further reference now ordered, there is reserved to appellant the right to seek a surcharge or surcharges against the Receiver for specific expenditures. Concur—Murphy, P. J., Kupferman, Birns, Sandler and Carro, JJ.