■ In the Matter of ALBERT SCHWARTZBERG et al., Respondents, v ROBERT P. WHALEN, as Commissioner of the Department of Health of the State of New York, Appellant, and INSTLCORP, INC., Intervenor-Respondent. — Appeal, by permission, from an order of the Supreme Court at Special Term (Doran, J.),

entered January 31, 1983 in Albany County, which, *inter alia,* in a proceeding pursuant to CPLR article 78, enjoined the Commissioner of Health from effectuating the transfer of the receivership of the Kings Harbor Care Center and the Kings Harbor Manor Facility. The Kings Harbor Care Center and Kings Harbor Manor Facility are residential health care facilities located in Bronx County. Respondent Commissioner of Health was appointed receiver of these facilities in accordance with subdivision 2 of section 2810 of the Public Health Law by order of the Supreme Court, dated February 13, 1979, and has since operated them. Petitioners are the former operators of the facilities. The commissioner had been actively engaged in negotiations with representatives of Beth Abraham Hospital for the appointment of Beth Abraham as receiver of the facilities. After conclusion of an evidentiary hearing, Special Term found that the negotiations concerning the receivership had no adverse effect on the health care at both facilities, that the statute intends that the receivership stemming from section 2810 of the Public Health Law is not to continue forever but is to come to an end, and that the commissioner should be enjoined from continuing negotiations with Beth Abraham to take over as receiver. This appeal by the commissioner ensued. There should be an affirmance. Section 2810 (subd 2, pars a, b) of the Public Health Law permits the Commissioner of Health to seek appointment as receiver of a residential health care facility and gives the Supreme Court the power of appointment. Section 2810 (subd 2, par c) also outlines the powers of such a court-appointed receiver and specifically provides that he shall have "all of the powers and duties of a receiver appointed in an action to foreclose a mortgage on real property". These powers are enumerated in RPAPL 1325. A court-appointed receiver in a foreclosure action is an officer of the court, a fiduciary of all the parties interested in the receivership, and not an agent of the party who procured the appointment (*Kaplan v 2108-2116 Walton Ave. Realty Co.,* 74 AD2d 786). The commissioner as a court-appointed receiver is in the court's control. Disposition of the receivership is in the court's control and not that of the receiver. Special Term, in narrowly enjoining the commissioner from transferring the receivership to another party and, in effect, prohibiting the commissioner from substituting another in his stead, acted within the discretion vested in it by the applicable statutory and case law. Special Term properly concluded that it is not the intent of the statutory scheme that the instant receivership be continued forever. This receivership was established in February, 1979. The commissioner has offered no evidence that the health, safety and welfare of the patients requires the continued protection of a receiver indefinitely in the future, as the commissioner apparently intends, rather than transfer the operation of the facilities to a new approved operator in accordance with section 2801-a of the Public Health Law. However, there was evidence that the morale and attitude of the employees of the facilities in receivership were adversely affected by the meetings and contacts made by the personnel of Beth Abraham Hospital during the negotiations between the Department of Health and the hospital relative to the takeover by the hospital. Special Term therefore could properly conclude, as it apparently did, that the ongoing activities, relating to the transfer of the receivership to Beth Abraham Hospital, were not in the best interests of the parties placed under the court's protection. We see no reason to disturb Special Term's determination. Order affirmed, without costs. Mahoney, P. J., Main, Mikoll and Levine, JJ., concur.

Yesawich, Jr., J., dissents and votes to reverse in the following memorandum. Yesawich, Jr., J. (dissenting). I respectfully dissent. The statute authorizes appointment of the Commissioner of Health, or his designee, as receiver (Public Health Law, § 2810, subd 2, par a); it does not suggest or imply that the commissioner's appointment as receiver, once made, is immutable. A change

in receivers would, therefore, neither contravene the statute nor be particularly extraordinary (see CPLR 6405). While the court unquestionably has power to supervise the receiver, it seems to me that Special Term acted prematurely in this instance for the propriety of the appointment of Beth Abraham as receiver or as the commissioner's designee was not before the court; any challenge to that appointment should not have been entertained until the commissioner actually applied for a change in receivership, an event which was by no means a certainty. Accordingly, I would reverse.