■ ROSALIE G. JOHNSTON, Plaintiff, v NATIONAL RAILROAD PASSENGER CORP. (AMTRAK), Respondent, and ALLIED MAINTENANCE CORPORATION, Appellant.—Resettled order and judgment (one paper), Supreme Court, New York County (Bruce

McM. Wright, J.), entered on or about December 2, 1988, which granted defendant Amtrak's motion for renewal, and upon renewal, upheld the validity of the indemnification clause between defendants and directed that defendant Allied indemnify defendant Amtrak, to the extent the jury apportioned to Amtrak 30% of the liability in plaintiff's action, and pay Amtrak its reasonable attorney's fees, unanimously affirmed, without costs.

In this personal injury action, the jury awarded plaintiff damages and apportioned liability between Amtrak and Allied at 30% and 70%, respectively, When Amtrak sought indemnification from Allied on a clause contained in the maintenance contract between the two, Allied asserted that the contractual indemnification was barred by General Obligations Law § 5-322.1 to the extent Amtrak, as indemnitee, had itself been negligent for plaintiff's injuries. *(See, DeFilippis Crane Serv. v Joannco Contr. Corp.,* 132 AD2d 517.)

Upon renewal, Amtrak asserted, for the first time, the applicability of 45 USC § 546 (d), for the proposition that leases and contracts entered into by Amtrak shall be governed by the laws of the District of Columbia, and claimed that since the District of Columbia has no analogous statute to New York's General Obligations Law § 5-322.1, there would be no bar to enforcement of the indemnification agreement. Counsel for Amtrak alleged that he was unaware of the Federal statute at the time of the original motion.

We see no reason to disturb the resettled order appealed from. Contrary to Allied's claim, there was no stipulation between defendants, or any implied agreement, to resolve the issue arising out of the indemnification agreement solely by New York law. *(See, Mitchell v New York Hosp.,* 61 NY2d 208, 214.)* Furthermore, there was no bar to granting renewal upon the Federal statute, since a motion for renewal may be based upon law not previously considered *(Prude v County of Erie,* 47 AD2d 111, 113-114) and the excuse for neglecting in the first instance to raise the Federal statute was valid. Counsel's failure to assert the statute earlier falls within the valid excuses of mistake, inadvertence or excusable neglect. *(Foley v Roche,* 68 AD2d 558, 568.) Last, Allied has failed to demonstrate any prejudice arising from Amtrak's failure to earlier assert the Federal statute. Concur—Kupferman, J. P., Carro, Milonas, Kassal and Ellerin, JJ.