OPINION OF THE COURT
Lewis R. Friedman, J.
Plaintiff moves to renew its motion pursuant to Real Property Law § 291-f which the court denied in a decision dated February 16,1994 (East N. Y. Sav. Bank v 520 W. 50th St., 160 Misc 2d 266). The motion sought to enjoin defendant 520 West 50th Street, Inc. (the Cooperative Corporation) from reducing the maintenance or rent for the cooperative units at the building. In its decision this court determined that the reduction in "cash requirements” at the building pursuant to the proprietary leases and by-laws did not constitute a "modification” of the lease prohibited by section 291-f. The present motion is based on a paragraph in the proprietary lease which was not brought to the court’s attention in the first motion (the entire proprietary lease was not annexed to the court papers).
Defendants oppose renewal since, they allege, the new material was in plaintiff’s possession at the time of the original motion and plaintiff simply failed to bring it to the court’s attention. Plaintiff asserts that it did not realize that a complete copy of the proprietary lease was annexed as an exhibit to several hundred pages of documents submitted by the Attorney-General in the related case before Justice Cohen *791 (State of New York v Chassen, index No. 402637/93). Counsel avers that he first looked for the entire lease as a result of reading this court’s suggestion that it would be possible to draft a lease clause that would preserve the mortgagee’s interest in the rent roll at the building. The leading statement of the law governing motion for renewal has been given by the First Department in Foley v Roche (68 AD2d 558, 568): "An application for leave to renew must be based upon additional material facts which existed at the time the prior motion was made, but were not then known to the party seeking leave to renew, and, therefore, not made known to the court. Renewal should be denied where the party fails to offer a valid excuse for not submitting the additional facts upon the original application.” Clearly the "fact” alleged now, a paragraph in the proprietary lease, existed at the time of the prior motion; plaintiff asserts that it did not know of it. The court notes that plaintiff was not a party to the proprietary lease, as were the Cooperative Corporation and the tenants, at least one of whom, an attorney, has been actively engaged in this litigation. It is not productive to review the extensive case law discussing renewal motions. Suffice it to note that the doctrine is a "flexible” one designed to permit a court to do justice. (Oremland v Miller Minuteman Constr. Corp., 133 AD2d 816, 817; Essa v New York Prop. Ins. Underwriting Assn., 89 AD2d 865, 866.) The court finds the excuse offered to be sufficient (see, Johnston v National R. R. Passenger Corp., 161 AD2d 288, 289).
Moreover, this motion stands on its own as an independent application for relief. In the original motion plaintiff invoked Real Property Law § 291-f to prevent a modification of the lease. The instant motion seeks to enforce the lease pursuant to its terms on the ground that plaintiff is a third-party beneficiary of the lease clause. Thus, even if the motion is considered to be an independent one, it does not violate the rule in Foley v Roche (supra, at 568): "Nor should the remedy be available where a party has proceeded on one legal theory on the assumption that what has been submitted is sufficient, and thereafter sought to move again on a different legal argument merely because he was unsuccessful upon the original application.” The prior motion did not seek to enforce the lease as written. Since this motion is different from the prior one, and is not barred by the original decision, it must be dealt with on the merits.
The court is called on to interpret a lease provision which *792 does not appear in most proprietary leases in New York. Paragraph 39 of the proprietary lease here provides, in pertinent part: "Notwithstanding anything contained in this lease, if any action shall be instituted to foreclose any mortgage on the land or the building * * * the Lessee shall, on demand, pay to the receiver of the rents appointed in such action rent, if any, owing hereunder on the date of such appointment and shall pay thereafter to such receiver in advance, on the first day of each month during the pendency of such action, as rent hereunder, the rent for the apartment as last determined and established by the Directors prior to the commencement of said action, and such rent shall be paid during the period of such receivership, whether or not the Directors shall have determined and established the rent payable hereunder for any part of the period during which such receivership may continue. The provisions of the Paragraph are intended for the benefit of present and future mortgagees of the land or building * * * and may not be modified or annulled without the prior written consent of such mortgage holder.” That language clearly prohibits the rent reduction adopted by the Cooperative Corporation’s Board of Directors. Since a receiver has been appointed the tenants are required to pay the rent to the receiver "as last determined by the Directors prior to the commencement of” this foreclosure action. Paragraph 39 is the type of lease provision suggested by footnote 2 of the original decision.
The Cooperative Corporation raises several arguments why the lease provision should not be applied as written. The Cooperative Corporation contends that the provision is void as contrary to public policy. It argues that RPAPL 1325 which prohibits the receiver from paying the - mortgage creates a "fundamental” right which cannot be waived. Section 1325 by its terms does not even remotely establish a right in the mortgagor to refuse to pay a court-appointed receiver funds necessary to pay the mortgage. The statute effectively prohibits the receiver from paying funds to a mortgagee without a court order. Such an order may only be obtained when there has been a default in answering or there is a failure to interpose an answer "which if sustained would affect in any way the right of the plaintiff to a judgment in foreclosure and to the payment of the amount claimed by the plaintiff in his complaint to be due” (RPAPL 1325 [2]). The statute protects the rights of the persons who may have an interest in the balance in the receiver’s account at the end of the foreclosure *793 proceeding, not the rights of tenants or occupants in the premises being foreclosed. Thus, the statute creates no "right” let alone a "fundamental, non-waivable” one which would invalidate the lease provision at issue. The warranty of habitability to which the Cooperative Corporation analogized RPAPL 1325 (2) specifically provides that it is not waivable (Real Property Law § 235-b [2]).
The Cooperative Corporation contends that plaintiff failed to allege that it relied on paragraph 39 to extend the mortgage at issue, that the mortgagee is not a third-party beneficiary of the lease contract between the Cooperative Corporation and the tenants, and that the mortgagee, as opposed to the receiver, may not enforce the provision* The short answer to all of these arguments is that paragraph 39 specifically provides that the mortgagee is a third-party beneficiary and, by implication, permits enforcement by the mortgagee.
The Cooperative Corporation also argues that injunctive relief to prevent violation of paragraph 39 is unavailable because there is no showing of irreparable harm. This mortgage is a nonrecourse mortgage and plaintiff’s only security is the property. The Cooperative Corporation contends that plaintiff in this case is not entitled to a money judgment at all. But the "property” which secures the mortgage includes the rent roll. If the receiver’s account is artificially reduced because the cooperative tenants seek to enrich themselves at the mortgagee’s expense, the mortgagee will not receive the full value of its security and will not be able to recover the shortfall from anyone. Thus, the cases relied on by the Cooperative Corporation which deny injunctive relief because the possibility of money damages preclude irreparable harm (Rosenthal v Rochester Button Co., 148 AD2d 375, 376-377; Haulage Enters. Corp. v Hempstead Resources Recovery Corp., 74 AD2d 863, 864; Kane v Walsh, 295 NY 198, 205-206) are inapposite.
The court finds that plaintiff has established the likelihood of success on the merits, irreparable harm, and a balancing of the equities in its favor. An injunction should issue precluding a change of rent below that set prior to the commencement of this action. The stay in the order to show cause shall continue pending entry of the order to be settled.
The Cooperative Corporation cross-moves to dismiss on the *794 ground that "Fannie Mae”, the owner of one of the apartments, was not joined as a necessary party (RPAPL 1311). The cases make it clear that failure to join a tenant as a party to a foreclosure fails to cut off that tenancy and does not vitiate the proceeding. Obviously plaintiff must join all of the tenants if it seeks to sell the property at a foreclosure sale, free and clear of their interests. However, the cases have long rejected dismissal on the grounds alleged by the Cooperative Corporation here. The cross motion to dismiss is denied.

 In a separate motion the Cooperative Corporation opposes the receiver’s motion to retain counsel.