■ ADIRONDACK PARK AGENCY, Appellant, v HUNT BROTHERS CONTRACTORS, INC., et al., Respondents. [666 NYS2d 237] —Peters, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered May 19, 1997 in Hamilton County, which granted defendants' motion to modify a prior order granting plaintiff a preliminary injunction.

On July 30, 1993, plaintiff issued a permit to defendants which approved their concrete site project that required them, *inter alia*, to prepare a noise abatement plan for the reduction of sound decibel levels at their project site. Upon defendants' continued failure to comply with the conditions in the permit, most particularly the noise abatement plan, plaintiff commenced this action on December 27, 1994 pursuant to Executive Law § 813 (1) and (2) seeking enforcement. After defendants moved to dismiss the complaint, plaintiff cross-moved for a preliminary injunction enjoining defendants from operating their batch plant and rock crushers on the site during the pendency of the action. Although Supreme Court denied such motion by order entered March 14, 1996, upon appeal to this Court we modified and granted plaintiff's motion for a preliminary injunction (234 AD2d 727). By order entered January 16, 1997, Supreme Court, in accordance with our determination, enjoined defendants from operating both the concrete batch plant and/or any rock crusher or other rock processing equipment at the project site until there was a final disposition on the merits of this action. It further specified "that defendants may operate such machinery only under the express terms and conditions in the prior written permission of [plaintiff], given

for the purpose of preparing and testing of a noise abatement plan in conformance with the requirements of [the permit]". No appeal was taken from this order and no noise abatement plan was submitted to plaintiff.

By letter dated April 17, 1997, defendants submitted a copy of a proposal from an acoustical consultant for the purpose of commencing a noise abatement plan, yet requested plaintiff's permission to use the prohibited machinery for the 1997 season until October 1, 1997 while the plan was being implemented. Plaintiff responded by detailing the extensive history of noncompliance, noting that the noise abatement condition was first imposed in the October 1992 permit. Despite such continued noncompliance, plaintiff indicated that it would review the noise abatement proposal submitted, yet suggested entering into a court-ordered stipulation that would allow defendants to operate their batch plant only after plaintiff received an executed contract evidencing their hiring of an acoustical expert for the preparation of a noise plan.* Notwithstanding this proposal, defendants moved by order to show cause on April 22, 1997 for an order allowing them to resume operations of both the batch plant and rock crushers during preparation and implementation of a noise abatement plan. Supreme Court granted an ex parte temporary restraining order permitting defendants to resume operations of their batch plant until the return date of the motion.

As a result of plaintiff's motion to vacate the temporary restraining order, the parties placed a stipulation on the record on April 30, 1997, agreeing to vacate the temporary restraining order and allow defendants to operate the batch plant until May 8, 1997, the return date of defendants' motion. On May 8, 1997, defendants revealed their intentions to relocate their two large rock crushers to a new area on the site within two years and prepare a noise abatement plan for the new site. Supreme Court set a May 16, 1997 return date, allowing plaintiff to inspect the project site and evaluate defendants' plan. One week thereafter and one day before the May 16, 1997 court date, defendants amended their April 22, 1997 motion by asking for a permanent injunction requiring them to relocate their primary rock crusher by 1999 and permitting them to operate

---

* Plaintiff further specified that the stipulation must provide that no rock crusher operations will be commenced until (1) the acoustical expert submits a noise abatement testing protocol to plaintiff, and (2) plaintiff has issued written approval of the noise abatement testing protocol. At that point, plaintiff would agree to allow the operation of the rock crusher only during the noise testing, expected to take no more than two days.

the rock crusher in the interim. After oral argument, Supreme Court issued a letter decision granting defendants' motion for a preliminary injunction, allowing the continued operation of the rock crusher at the current site for a period not in excess of 18 months during which time preparations were to be made to move to a different site. Plaintiff appealed this order and was granted a temporary restraining order by this Court, prohibiting the use of the machinery pending appeal.

The order of Supreme Court must be reversed. Once this Court determined that the preliminary injunction should be granted, the issue was judicially determined and given finality, unable to be disturbed by another court (*see, Martin v City of Cohoes*, 37 NY2d 162, 165). Supreme Court's reliance on *Ingraham v Peter Cooper Corps.* (63 Misc 2d 516) is wholly misplaced to justify its actions, as is the contention that, by ordering the relocation of the rock crusher, Supreme Court made a final disposition "on the merits" so as to justify the lifting of the preliminary injunction and the prohibition against the continued use of the machinery.

Finally, we remind defendants that the commencement of a proceeding in Supreme Court pursuant to Executive Law § 813 for purposes of enforcement by no means constitutes a relinquishment by plaintiff of its jurisdiction over this project site (*see, Flacke v Onondaga Landfill Sys.*, 69 NY2d 355). The court's purpose is only to decide whether the agency's enforcement of its requirements was arbitrary or capricious (*see, id.*, at 363). Since we have concluded by our prior determination that "all challenges to the inclusion of [the noise abatement] condition in [the] permit [is] now foreclosed" (234 AD2d 737, 738, *supra*), the court's jurisdiction was even more limited.

We therefore emphasize that plaintiff will retain jurisdiction over this project site until a contrary determination is rendered by it or an appropriate challenge to its exercise thereof is determined by Supreme Court (*see, Flacke v Onondaga Landfill Sys., supra*). Having reviewed all remaining issues and finding them without merit, we reverse the order of Supreme Court.

Crew III, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.