*653 OPINION OF THE COURT
Robert Roberto, Jr., J.
Plaintiffs motion for relief pursuant to RPAPL 1325 (2) is decided as follows:
This is an application by the plaintiff in a pending mortgage foreclosure action for an order directing the receiver previously appointed by this court to apply $3,000,000 and future rents received to accrued mortgage interest pursuant to RPAPL 1325 (2). The motion is opposed by the main defendants and by the receiver.
As a general proposition distribution of the money held in a receiver’s account occurs at the conclusion of the receivership. The statute provides for an earlier distribution while the matter is still pending, but only to pay down mortgage interest. RPAPL 1325 (2) is thus narrow in scope, and protects the rights of persons who may have an interest in the balance in the receiver’s account at the end of the foreclosure proceeding. (East N. Y. Sav. Bank v 520 W. 50th St., 160 Misc 2d 789.)
On this application, the court initially must decide if RPAPL 1325 (2) may be utilized by the plaintiff given the present procedural posture of the case, where an answer had been interposed but summary judgment was thereafter granted to the plaintiff. Counsel have not cited, nor has the court’s own research revealed, a case that answers this question. Indeed, a leading commentator has described the provision as “somewhat * * * obscure.” (Bergman, New York Mortgage Foreclosures § 10.03 [1997].)
In its entirety, the section at issue is as follows: “Where a receiver has been appointed, upon the application of the plaintiff or of any holder of a certificate evidencing an undivided interest in the mortgage or mortgage debt and upon proof that no answer has been interposed affecting the validity of the mortgage or the amount due thereon, or asserting any prior lien, or asserting a plea of tender of payment of the amount due, or which if sustained would affect in any way the right of the plaintiff to a judgment in foreclosure and to the payment of the amount claimed by the plaintiff in his complaint to be due, the court may direct that the receiver of the rents appointed in such action apply, during the pendency of the action, the rents received by him towards the payment of accrued interest on the mortgage, provided due provision shall have been made for the payment of taxes, administration expenses, fees and charges and such reserve as the court may *654 direct. Any monies so paid over by the receiver shall be deducted from the amount of the judgment in said action.” (RPAPL 1325 [2].)
By order dated February 17, 1998 the Appellate Division, Second Department, reversed the order of this court and granted summary judgment in foreclosure to the plaintiff, dismissing all counterclaims and affirmative defenses that had been asserted by way of answer (247 AD2d 502). The defendants argue that notwithstanding this development RPAPL 1325 (2) is inapplicable, as the statutory scheme requires the absence of an answer, not summary judgment. The court does not agree.
The section, though not a model of elegant phrasing, does indicate that the court’s power to direct the receiver to apply rents to accrued interest is not triggered by a default in pleading only. Rather, what matters is the absence of issues regarding the mortgagee’s right to what it seeks in its complaint. A default in answering may serve to eliminate those issues, but clearly this is not the only way.
Specifically, and insofar as is relevant here, an order under the section may be obtained when there has been a default in answering or where there is no answer “which if sustained” would affect plaintiffs right to a judgment of foreclosure and to payment of the sums alleged to be due. The latter basis for an order cannot be ignored, as the statute lists the grounds for an application to the court in the disjunctive. Moreover, it is elemental that meaning and effect must be given to all statutory language, as it is not to be supposed that the Legislature will deliberately place words or phrases in a statute without purpose. (McKinney’s Cons Laws of NY, Book 1, Statutes § 231; see also, Orange & Rockland Utils. v Hess Corp., 59 AD2d 110, 115.)
Applying this provision to the case at bar, the court concludes that no answer exists barring application of the statute. It is true that the defendants served an answer containing affirmative defenses and counterclaims which, “if sustained”, could “affect * * * the right of the plaintiff to a judgment” (RPAPL 1325 [2]). A viable answer to the complaint certainly can be sufficient to defeat an application made under RPAPL 1325 (2), as the existence of such answer means that a court cannot know whether the plaintiff ultimately will prevail. However, here the Appellate Division granted summary judgment to the plaintiff, and dismissed all affirmative defenses and counterclaims. This means that the answer no longer can be “sus *655 tained”. The determination of the Appellate Division is the law of the case, and this court therefore is not free to find the answer viable in any context. (See, Adirondack Park Agency v Hunt Bros. Contrs., 244 AD2d 849; Lattanzi v International Bus. Machs. Corp., 240 AD2d 475.)
In sum, for purposes of the statute there is no logical or legal basis for distinguishing a default in answering from a grant of summary judgment, as both lead to the same result — the establishment of plaintiffs right to what has been demanded in the complaint as a matter of law. It therefore follows that the plaintiff has satisfied the statute, and may ask the court to exercise its discretionary power to direct the receiver to apply the rents received to the unpaid mortgage interest.
Turning to the merits of plaintiffs application, there is no challenge made to the plaintiffs statement that the accrued interest on the $58,000,000 principal far exceeds what is sought on this motion. Indeed, the complaint itself alleges that as of March 15, 1996, over two years ago, the interest figure stood at some $2,277,000. Nor is there proof that the receiver does not have the cash needed to pay down at least some of this interest. However, the receiver and the defendants argue, in essence, that a direction from the court to pay $3 million and the future rents received should not be issued at this time because of certain newly discovered problems at two of the mortgaged premises, some of which may be classified as environmental hazards. Specifically, the receiver points to leaking roofs, a parking lot with drainage problems, and a malfunctioning fire alarm system at one location, and asbestos removal, oil leaks and a freon gas leak at another. The cost of correcting these problems has yet to be ascertained.
The court rejects plaintiffs argument that the receiver must have the plaintiffs consent to undertake repairs made necessary by these conditions, and thus cannot raise these problems as a bar to the relief sought here. A receiver is an officer of and answers only to the court, not to the plaintiff mortgagee. (Ripple’s of Clearview v Le Havre Assocs., 88 AD2d 120, 122; Kaplan v 2108-2116 Walton Ave. Realty Co., 74 AD2d 786.) Further, the appointing order in this case broadly authorizes him “to operate, repair and maintain” the premises, and to “retain persons to perform all services necessary in connection with the operation and maintenance of the Mortgaged Premises [and] to pay all other charges necessary for the maintenance, repair, operation and upkeep” of such premises. Nevertheless, the receiver, as he himself notes, must obtain approval from *656 the court beforehand so that a determination can be made about the propriety and cost of contemplated work. (See, Kaplan v 2108-2116 Walton Ave. Realty Co., supra.)
In addition to the maintenance and repair issues noted above, the receiver also points to a recent payment of property and school taxes in the amount of some $1,445,000 and the general uncertainty about other future costs, which impact his reserve. As set forth above, RPAPL 1325 (2) provides that any application of rents to accrued interest must account for certain expenses associated with the receivership, including taxes, administration expenses and the maintenance of an adequate reserve. As the receiver’s objection rests on these concerns, they must be considered.
The court is, of course, no more prescient than the parties or the receiver regarding the cost of remedying the conditions noted above or about other unanticipated expenses. However, given the cash in the receiver’s hands — the current balance in his bank accounts is stated to be approximately $4,360,000 — it will not deny the relief requested by the plaintiff in its entirety. Even assuming that significant expenditures to maintain the property will be needed, such payments will likely not result in the loss of an acceptable reserve if the receiver is left with a large balance after some of the accrued interest is paid. The court also takes notice of the ongoing proceeding before the Referee to compute the precise amount due and owing under the mortgages underlying this case, which should soon bring the litigation to its conclusion.
Weighing all these factors, the plaintiff’s motion is granted to the extent that the court directs that the receiver pay over to the plaintiff the sum of $2,000,000 to partially satisfy the accrued mortgage interest. No additional payments shall be made without leave of this court.