*852 On or about October 24, 2006, the defendants executed a note in the amount of $46.5 million in favor of CIBC, Inc. The note was secured by a mortgage on commercial real property located in Great Neck. Through various assignments and mergers, and a Pooling and Servicing Agreement, ownership of the note and mortgage was transferred to the Registered Holders of J.E Morgan Chase Commercial Mortgage Securities Trust 2006-CIBC17, Commercial Mortgage Pass-Through Certificates, Series 2006-CIBC17 (hereinafter the Trust), Bank of America, N.A., became the Trustee for the Trust, and the plaintiff, CWCapital Asset Management, LLC (hereinafter CWCapital), became the Special Servicer of the loan.
In October 2009 the defendants allegedly defaulted on the note. In January 2010 CWCapital, in its capacity as Special Servicer of the loan, commenced this action to foreclose the mortgage. In their answer to the complaint, the defendants asserted various affirmative defenses and counterclaims based on breach of contract, breach of the duty of good faith and fair dealing, conversion, and tortious interference with the defendants’ business relationships with the tenants of the property. In February 2010 the court appointed a temporary receiver of the rents and profits of the subject property, and directed the receiver to pay monthly interest payments on the unpaid mortgage balance to CWCapital during the pendency of the action.
The defendants moved pursuant to RPAPL 1325 to modify so much of the order appointing the receiver as directed the receiver to pay interest to CWCapital during the pendency of the action. The Supreme Court denied the motion, determining that the affirmative defenses and counterclaims did not affect the validity of the mortgage or the amount due thereon. The defendants appeal from the order. We affirm.
RPAPL 1325 (2) provides that a receiver may make payments of accrued interest on the mortgage during the pendency of the foreclosure action “upon proof that no answer has been interposed affecting the validity of the mortgage or the amount due thereon ... or which if sustained would affect in any way the right of the plaintiff to a judgment in foreclosure and to the payment of the amount claimed by the plaintiff in his complaint to be due” (see CFSC Capital Corp. XXVII v Bachman Mech. Sheet Metal Co., 177 Misc 2d 652, 653-654 [1998]; East N.Y. Sav. Bank v 520 W. 50th St., 160 Misc 2d 789, 792 [1994]). Here, the defendants’ affirmative defenses and counterclaims contained *853 in their answer did not raise any assertions such that the receiver should not have been directed to make mortgage interest payments to CWCapital during the pendency of the foreclosure action. Accordingly, the defendants’ motion was properly denied. Florio, J.E, Balkin, Belen and Chambers, JJ., concur.